**UNITED STATES of America, Plaintiff,**

v.

**Terry Lee FLORA, Defendant.**

**No. CR89–00002–BG(H).**

United States District Court,
W.D. Kentucky,
at Bowling Green.

Jan. 25, 1993.

Randy Ream, Asst. U.S. Atty., Louisville, KY, for plaintiff.

William P. Skaggs, Bowling Green, KY, for defendant.

### MEMORANDUM OPINION

HEYBURN, District Judge.

The parties in this criminal proceeding have called upon the Court to decide which

provision of 18 U.S.C. § 3583 should govern the revocation of Defendant's supervised release. The resolution of this conflict lies in the application of the Constitution's Ex Post Facto Clause.

The revocation of supervised release proceeds under the dictates of two competing provisions within 18 U.S.C. § 3583. Section (e) of that statute grants to courts the discretion to impose, or refuse to impose, a period of imprisonment to punish defendants who violate the terms of their release. That provision further allows courts to adjust the length of any term of confinement ordered. Section (g), by contrast, eliminates the courts' discretion and mandates imprisonment in the event a defendant is found to have been in possession of a controlled substance while on release. That section, which became effective on December 31, 1988, also fixes the minimum term of confinement at one-third of the length of the original term of supervised release.

The events of significance in the present litigation began in November, 1988, when Defendant Flora engaged in several acts of firearm and drug trafficking. Congress added § 3583(g) to the supervised release statute a month after Defendant committed these illegal acts. Pub.L. 100–690 § 7303(d). Defendant pleaded guilty the following year, and received a sentence of 10 months' imprisonment and three years' supervised release in October, 1989. Defendant tested positive for cocaine several times during his supervised release, most recently in August, 1992. The United States has requested the revocation of Defendant's supervised release as punishment for these apparent drug violations, and urges this Court to apply § 3583(g), which would mandate at least one year's imprisonment under the present circumstances. Defendant Flora asks the Court to apply § 3583(e), which would permit the Court discretion to refuse the option of imprisonment.

■ The Ex Post Facto Clause forbids Congress from enacting any law "which imposes a punishment for an act which was not punishable at the time it was commit-

ted[,] or imposes additional punishment to that then prescribed." U.S. Const., Art. I, § 9; *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 963, 67 L.Ed.2d 17 (1981). A criminal law breaches the Ex Post Facto prohibition if: (1) the law is "retrospective", and (2) the law disadvantages the offender to whom the statute is applied. *Weaver,* 450 U.S. at 29, 101 S.Ct. at 964.

■ A law is "retrospective" if it "changes the legal consequences of acts completed before [the law's] effective date." *Weaver,* 450 U.S. at 31, 101 S.Ct. at 965. Whether the application of § 3583(g) to Defendant Flora would yield retrospective results depends on a proper understanding of the supervised release system. Specifically, the Court must decide whether revocation should be considered the continuing "legal consequence" of Defendant's original crimes, or viewed instead as the independent "legal consequence" of Defendant's later parole misconduct.

It has been argued that the punishment imposed by the revocation of supervised release is triggered exclusively by the parolee's violation of release conditions, and that this new penalty is only tenuously related to the substantive crimes committed by the offender many years earlier. *See, e.g., United States v. Parriett,* 974 F.2d 523, 526 (4th Cir.1992). Revocation and its resulting imprisonment thus arise solely from acts committed during the parolee's release. The application of § 3583(g) to Defendant Flora would not be considered retrospective under this analysis, since § 3583(g)'s punishment would be the legal consequence of acts committed by Defendant in 1992, *after* § 3583(g)'s December, 1988 effective date.

It might instead be contended that supervised release and its attendant possibility of revocation are simply part of the whole matrix of punishment which arises out of a defendant's original crimes. Revocation of release would still be the consequence of illegal acts completed in the past, even though the new imprisonment is many years removed from the underlying offenses. Simply put, there can be no revocation of release for an infraction commit-

ted today unless the wrongdoer has been convicted of a criminal offense at some moment in the past. The application of § 3583(g) to Defendant Flora would be retrospective under this interpretation, since § 3583(g) would change the legal consequences of acts completed in November, 1988, one month before that provision's effective date.

Treatment of revocation as the legal consequence of a defendant's original offense, rather than the sole consequence of acts committed while on supervised release, appears to be the better interpretation. The supervised release statute itself provides that "[t]he court, in imposing a sentence to a term of imprisonment ..., may include *as a part of the sentence* ... a term of supervised release after imprisonment...." 18 U.S.C. § 3583(a) (emphasis added). The language employed by the statute suggests that supervised release, and the possibility of revocation and additional imprisonment, are as much the consequence of the offender's underlying crime as is the initial term of imprisonment. The United States Sentencing Guidelines adopt the same view, treating a parolee's violation of conditions as a "breach of trust" rather than as a new substantive offense. U.S.S.G. Chap. 7, Part A, Intro. 3(b). The Guidelines therefore suggest that the parolee's misconduct might result not only in revocation of release but also in a subsequent, independent criminal prosecution. *Id.*

The Sixth Circuit has not yet addressed the precise issue presented by this dispute. Significantly, though, that court has expressly warned trial courts to describe the operation of the supervised release system to defendants who wish to plead guilty, "because supervised release can result in greater incarceration time than a defendant's sentence originally sets out." *United States v. Syal*, 963 F.2d 900, 905 (6th Cir.1992). The court added that *"under his current sentence,* if [the defendant] violates any of the conditions of his supervised release term, the court can require [him] to spend the statutorily allowed portion of his supervised release time in prison in addition to [his] sentence in prison." *Id.* at 906 (emphasis added). The court's anal-

ysis, and its insistence that the defendant be informed of the possibility of revocation in order to assure a knowing and intelligent plea, suggests that the Sixth Circuit would view revocation and imprisonment as the natural consequence of the defendant's original illegal acts.

And finally, the analysis of the one Circuit Court which has squarely addressed the issue supports the view that application of § 3583(g) would be improper under the current circumstances. The Fourth Circuit considered the application of § 3583(g) to a defendant who had committed his original crime before that section's December, 1988 effective date in *United States v. Parriett,* 974 F.2d 523 (4th Cir.1992). The court concluded that the application of § 3583(g) under such circumstances would constitute a retrospective enhancement of the defendant's punishment in violation of the Ex Post Facto Clause. *Id.* at 526–27.

 A careful analysis of the law persuades this Court that the application of § 3583(g) to Defendant Flora would yield a retrospective alteration of the legal consequences of Defendant's November, 1988 acts. Nor is this result changed by the fact that Defendant committed his crimes *before* § 3583(g)'s effective date, but pleaded guilty and was sentenced *after* § 3583(g) became law. The Ex Post Facto Clause asks whether the law changes the legal consequences of the defendant's acts after "the crime was consummated." *Weaver,* 450 U.S. at 30, 101 S.Ct. at 965. Therefore, if the law becomes effective at some moment after the "time of the conduct which forms the basis of the criminal charge", the Ex Post Facto Clause bars the statute's application, regardless of the date of the defendant's actual conviction or sentencing. *Parriett,* 974 F.2d at 526 (holding § 3583(g) inapplicable to defendant who committed crime in August, 1988, though defendant pleaded guilty in May, 1989, after § 3583(g) became effective).

 The fact that the use of a particular law will constitute a retrospective application does not, by itself, violate the Ex Post Facto Clause. A retrospective law will still

survive an Ex Post Facto investigation as long as it does not "worsen[ ] conditions imposed by its predecessor" upon the defendant. *Weaver*, 450 U.S. at 33, 101 S.Ct. at 966. Application of § 3583(g) would require Defendant Flora's imprisonment for a term of no less than one year. Though its "predecessor", § 3583(e), permits the Court to exercise its discretion regarding the appropriateness of revocation and the length of imprisonment, that section still would allow the Court to incarcerate Defendant for up to three years.

Thus the application of § 3583(g) would not *necessarily* "worsen conditions" for Defendant. However, the reduction of a court's discretion regarding the minimum term of imprisonment violates the Ex Post Facto Clause, even though "the sentence ... received under the new law was not more onerous than that which he might have received under the old." *Miller v. Florida*, 482 U.S. 423, 432, 107 S.Ct. 2446, 2452, 96 L.Ed.2d 351 (1987).

The application of § 3583(g) to Defendant Flora would be both retrospective and disadvantageous to him. Such a result would violate the command of the Ex Post Facto Clause. This Court will therefore apply § 3583(e) when it becomes necessary to decide on Defendant's fate.