83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter L. GALLOWAY, Defendant-Appellant.
 No. 95-30100.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1996.
Decided April 25, 1996.
 
 Before: BROWNING, WRIGHT and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Peter Galloway appeals his sentence for violating the conditions of his supervised release. We must decide whether the district court violated Galloway's due process rights by considering hearsay testimony regarding alleged acts of child molestation. The district court increased Galloway's criminal history level under the Sentencing Guidelines because it found that Galloway's actual conduct constituted more serious felony offenses than the misdemeanor offenses for which he was actually convicted in state court. We conclude that the district court improperly considered hearsay evidence in this case, and thus Galloway's due process rights were violated. This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). We vacate the sentence and remand for assignment to a different district court judge for a new sentencing.
 
 ANALYSIS
 
 3
 Because the parties are familiar with the facts of this case, we will not repeat them here. We review the legality of Galloway's sentence de novo. United States v. Hanna, 49 F.3d 572, 576 (9th Cir.1995); United States v. Williams, 41 F.3d 496, 498 (9th Cir.1994). If Galloway's due process rights were violated during the sentencing hearing, then his sentence is illegal. See Hanna, 49 F.3d at 577.
 
 
 4
 Sentencing upon revocation of supervised release, as in the case at bar, is "part of the whole matrix of punishment which arises out of a defendant's original crimes." United States v. Paskow, 11 F.3d 873, 883 (9th Cir.1993) (quoting United States v. Flora, 810 F.Supp. 841, 842 (W.D.Ky.1993)). Galloway has limited constitutional guarantees of due process at sentencing. Hearsay statements that would not be admissible at trial may be admissible at a sentencing hearing if there are adequate indicia of reliability. United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995); United States v. Ponce, 51 F.3d 820, 828 (9th Cir.1995) (holding that hearsay statements must be corroborated by extrinsic evidence). Galloway's due process rights were violated in this case because the district court judge admitted and relied on unreliable information at sentencing. See Hanna, 49 F.3d at 577; United States v. Huckins, 53 F.3d 276, 279 (9th Cir.1995); United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986); see also Ponce, 51 F.3d at 828 (district court abused its discretion by basing its decision on unreliable hearsay).
 
 
 5
 "A defendant challenging information used in sentencing must show such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." Messer, 785 F.2d at 834. In light of the totality of circumstances, the hearsay statements testified to by the officers in this case were highly unreliable. See Williams, 41 F.3d at 498-500 (disapproving of district court's reliance on hearsay statement of defendant's ex-wife regarding statements made by defendant's child to his ex-wife); see also Huckins, 53 F.3d at 279 (disapproving of district court's reliance at sentencing on hearsay statements of accomplice, who did not testify, made in context of plea negotiations). The probation officer who testified relied solely on the police and medical reports. The investigating police officer also testified about what the children told him about the offenses. The police officer further testified about what the children's mother told him about what the children told her. The police officer stated that the children initially denied that anything happened, that defendant was having domestic trouble at the time of the alleged incidents, and that the medical examinations of the children were inconclusive. This combination of facts leads to the conclusion that the hearsay statements admitted at the sentencing hearing did not have adequate indicia of reliability.
 
 
 6
 The district court's finding that Galloway committed the actual conduct of child molestation was "demonstrably made the basis for the sentence." The district judge relied on the hearsay statements when he found that the first violation of Galloway's conditions of release was a Grade B violation. During the sentencing hearing, the district judge said that the "actual conduct" was first degree rape.[1] We recognize that the judge made an alternative finding that, even if all three violations were Grade C, he would upward depart from the Guidelines and impose a 24-month sentence. At the sentencing hearing, however, the judge clearly focused on the child molestation charges. The alternative finding, when viewed in the context of the judge's statements at the hearing, does not appear to be the basis for the 24-month sentence. The judge based the increased sentence on his finding that Galloway committed felony sex offenses, rather than the misdemeanor offenses for which Galloway was actually convicted in state court.
 
 
 7
 We conclude, therefore, that the hearsay statements admitted at the sentencing hearing and testified to by the police officer and probation officer were unreliable and were the basis for the 24-month sentence. Admission and consideration of these hearsay statements violated Galloway's due process rights, rendering his sentence illegal. He must be resentenced.
 
 
 8
 We also conclude that this case should be reassigned to a different judge on remand because the original district judge cannot reasonably be expected to put out of his mind his previously expressed findings regarding the child molestation charges. See Hanna, 49 F.3d at 578 (reassigning to different district court judge because original judge "would likely have substantial difficulty in putting out of his mind the views and findings we have found to be based on materially false and unreliable evidence"); Huckins, 53 F.3d at 280; Williams, 41 F.3d at 502.
 
 CONCLUSION
 
 9
 The sentence appealed from is vacated. The case is remanded to the Chief Judge of the United States District Court for the Western District of Washington for reassignment to another district judge for purposes of resentencing.
 
 
 10
 SENTENCE VACATED; REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 The Sentencing Guidelines state: "The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." U.S.S.G. § 7B1.1, comment. (n. 1) (Nov. 1995) (emphasis added)