**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William James HUCKINS, Defendant–Appellant.**

**No. 94–30052.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 1994 *.

Decided April 25, 1995.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

Robert H. Gombiner, Asst. Federal Public Defender, Tacoma, WA, for defendant-appellant.

Cynthia A. Young, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee.

Before: John T. NOONAN, Jr., Diarmuid F. O'SCANNLAIN, and Edward LEAVY, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must determine the constitutionality of a sentence premised upon hearsay statements contained in a presentence report.

## I

Huckins confessed to having committed a series of bank robberies in the states of Oregon and Washington. Huckins ultimately pled guilty to six counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a).

The Probation Office, in its presentence report ("PSR"), concluded that Huckins was a career offender, *see* U.S.S.G. § 4B1.1, and calculated his base offense level at 32. The Probation Office recommended that Huckins be given a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1 for a total offense level of 29, resulting in an applicable sentencing range of 151 to 188 months.

Further, the Probation Office recommended that Huckins be sentenced at the high end of the sentencing range, "given the possibility that [Huckins] was carrying a firearm in some of the offenses."[1] The Proba-

tion Office grounded this recommendation in statements—recounted in the PSR—made by Huckins' accomplice, Dennis Miller, and by a bank teller victimized in one of the robberies. Miller gave a post-arrest statement to federal agents in which he stated that in one robbery both he and Huckins carried guns, and that in another, only Huckins was armed. The teller—victimized in a robbery in which Miller had not participated—told law enforcement officials that she believed Huckins had been armed during the crime because he put his hands in his pockets. The teller never saw any weapon, nor did Huckins state that he was armed.

Both Huckins and the government objected to the PSR's reference to the possibility he was armed. As the government explained in its sentencing memorandum, "[the] government's investigation produced no firearms allegedly possessed by the defendant, much less firearms matching the descriptions given by his accomplice.... In short, no evidence was obtained to corroborate in any way the statement of Huckins' accomplice."

At sentencing, the court announced that it had decided to give Huckins a two point reduction for acceptance of responsibility, rather than the three points recommended in the PSR. Although both Huckins and the government argued that Huckins merited the full three-level reduction, the court was unpersuaded and stated "I just don't think that the facts and circumstances justify a three point reduction for acceptance of responsibility. Indicates to this court perhaps two. I'm even debating that, counsel, whether he's entitled to two. But I'm going to go along with the two."

The court then turned to the allegations that Huckins had been armed during three of the robberies. Huckins denied being armed. The government supported Huckins' claim, arguing that it had no evidence to corroborate the statements of Miller and the teller. Neither Miller nor the teller testified at sentencing. Nonetheless, the court concluded:

> The probation report, in justification of the high end, says there is a possibility [that Huckins was armed]. And I read this case, both in your pleading and the defen-

1. The Probation Office did not recommend any adjustments for use of or display of a firearm, however. Nor did the government request a sentencing enhancement for use of a gun under 18 U.S.C. § 924(c) which might have supported an additional sentence of 60 months' imprisonment.

dant's. And in the court's opinion, it's not a possibility, it's a probability that he had a gun, period.

The court then departed upwards from the recommended sentencing range and sentenced Huckins to 210 months in prison.

Huckins timely appealed.

## II

Huckins first contends that the district court erred in denying him the full three-level downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. The government agrees with Huckins' contention.

█ The Sentencing Guidelines provide for a two-level reduction in a defendant's offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A defendant who accepts responsibility is entitled to an additional one point reduction if his base offense level is 16 or greater, and if his offer to enter a guilty plea is sufficiently timely as to "permit[ ] the government to avoid preparing for trial and permit[ ] the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b)(2). Where the requirements of section 3E1.1(b)(2) are met, the additional one point reduction in sentence level is mandated. *See United States v. Colussi,* 22 F.3d 218, 219 (9th Cir.1994).

█ Huckins, whose base offense level was 32, is eligible for a section 3E1.1(b)(2) reduction. The undisputed evidence demonstrates that Huckins entered his plea of guilty at the earliest possible date. By doing so, Huckins relieved the government of the burden of preparing for trial. Because Huckins satisfied all requirements under section 3E1.1(b)(2), the district court was required to grant Huckins the full three-level reduction, and it erred in refusing to do so.

## III

█ Huckins next contends that the district court violated his right to due process of law by premising his sentence upon the post-arrest hearsay statements of an accomplice. We agree.

Generally, hearsay evidence indeed may be used in sentencing. *See* U.S.S.G. § 6A1.3(a).

Because this court has held that "a defendant clearly has a due process right not to be sentenced on the basis of materially incorrect information," however, we require that "some minimal indicia of reliability accompany a hearsay statement." *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 683, 126 L.Ed.2d 650 (1994).

Here, there were no such "indicia of reliability" accompanying the hearsay statements of Dennis Miller. The government presented no extrinsic evidence to corroborate Miller's statement. Indeed, the government itself argued that Miller's statements were unreliable.

Nor were Miller's statements inherently reliable. Miller's statements were not made under oath, nor at trial where he could be cross-examined. Rather, his statements were made in the context of plea negotiations with the government, in which Miller may very well have been hoping to curry favor with law enforcement officials by implicating his accomplice. *See Lee v. Illinois,* 476 U.S. 530, 546, 106 S.Ct. 2056, 2065, 90 L.Ed.2d 514 (1986) (reiterating "the time-honored teaching that a co-defendant's confession inculpating the accused is inherently unreliable"). Moreover, the fact that one of Miller's statements was collateral to a statement that inculpated him fails to demonstrate reliability. As the Supreme Court noted in *Williamson v. United States,* —— U.S. ——, ——, 114 S.Ct. 2431, 2435, 129 L.Ed.2d 476 (1994), "[t]he fact that a statement is self-inculpatory does make it more reliable; but the fact that a statement is collateral to a self-inculpatory statement says nothing at all about the collateral statement's reliability."

The only remaining evidence that Huckins was armed is the statement of a single bank teller that she believed that Huckins had a gun because he kept his hands in his pockets at all times during a robbery. We have no reason to believe that this teller presented an inaccurate statement; consequently, we are satisfied as to the reliability of this evidence. This evidence, standing alone, however, does not prove by a preponderance of the evidence that Huckins was armed. *See United States v. Wilson,* 900 F.2d 1350, 1354 (9th Cir.1990) ("[D]istrict courts are constitutionally re-

quired to make factual determinations underlying the application of the [Sentencing] Guidelines by at least a preponderance of the evidence.").

When a sentencing judge considers unreliable information in sentencing, remand is required only if the challenged information is "demonstrably made the basis for the sentence." *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir.1978); *see also United States v. McAninch*, 994 F.2d 1380, 1389 (9th Cir.) (remand unnecessary where "'the reviewing court concludes, on the record as a whole ... that the error did not affect the district court's selection of the sentence imposed.'") (quoting *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992)), *cert. denied*, — U.S. —, 114 S.Ct. 394, 126 L.Ed.2d 342 (1993). In departing upwards from the recommended sentence, the district court expressly relied upon the "probability" that Huckins was armed. Although the court also relied upon Huckins' extensive criminal history in departing upwards, Huckins' criminal history was considered in his sentence as a career offender, pursuant to U.S.S.G. § 4B1.1; consequently, Huckins' history cannot justify the court's upward departure. *See Williams*, 503 U.S. at 200, 112 S.Ct. at 1119 ("[I]t is an incorrect application of the Guidelines for a district court to depart from the applicable sentencing range based on a factor that the Commission has already fully considered in establishing the guideline range.").

The primary basis for the court's upward departure was the probability that Huckins was armed. Because there is insufficient evidence in this record to sustain such a finding, the court's upward departure was impermissible.

## IV

Finally, Huckins claims that, on remand for resentencing, fairness demands reassignment to a different judge.

 Absent personal bias, remand to a new judge is warranted only in rare circumstances. Three criteria must be considered: (1) whether the original judge could reasonably be expected to put out of his mind

previously expressed views or findings that were subsequently found to be erroneous; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste or duplication of effort out of proportion to the gain realized in preserving the appearance of fairness.

*United States v. Doe*, 655 F.2d 920, 929 (9th Cir.1980). Only one of the first two factors must be present to support reassignment. *United States v. Alverson*, 666 F.2d 341, 349 (9th Cir.1982).

In light of the record before us, we conclude that the sentencing judge would likely have substantial difficulty in putting out of his mind the views and findings which we have held to be erroneous. Accordingly, this case must be reassigned for resentencing before a different judge on remand.

## V

The sentence appealed from is VACATED. The case is REMANDED to the Chief Judge of the United States District Court for the Western District of Washington for reassignment to another district judge for purposes of resentencing.