67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Kenneth CLARK, aka John Bonner, Defendant-Appellant.
 No. 95-10000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Kenneth Clark appeals his sentence imposed following entry of a guilty plea to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. Sec. 846. Clark contends the district court erred by increasing his offense level two levels based on his role in the conspiracy under U.S.S.G. Sec. 3B1.1(c). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's finding of fact for clear error. United States v. Smith, 924 F.2d 889, 895 (9th Cir.1991). The Sentencing Guidelines provide for a two-level upward adjustment "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" involving less than five participants. U.S.S.G. Sec. 3B1.1(c) (1994). The adjustment requires that the defendant supervised or otherwise exercised control over other participants. United States v. Ponce, 51 F.3d 820, 827 (9th Cir.1995). Under U.S.S.G. Sec. 3B1.1(c) a two point increase is appropriate even if only two participants are engaged in the crime. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 4
 Hearsay evidence may be use in sentencing if there is "some minimal indicia of reliability." United States v. Huckins, 53 F.3d 276, 279 (9th Cir.1995). Statements against one's penal interest generally carry such indicia of reliability. See, e.g., United States v. Angulo-Lopez, 791 F.2d 1394, 1398 (9th Cir.1986).
 
 
 5
 We do not regard as clearly erroneous the district court's finding that Clark directed and exercised control over Yvonne Rainey. Rainey's statements against her penal interest support the district court's finding. See id.[1] Thus, the district court did not clearly err by finding that Clark's role the offense was that of a manager of supervisor under U.S.S.G. Sec. 3B1.1(c). See Smith, 924 F.2d at 895.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Huckins is distinguishable from this case on the ground that Rainey's statements were not made in the context of plea negotiations. 53 F.3d at 279. Thus, the threat that Rainey may have been "hoping to curry favor with law enforcement officials by implicating [her co-conspirators]" is greatly reduced