108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard LOPEZ, Defendant-Appellant.
 No. 96-50005.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 13, 1997.
 
 1
 Before: D.W. NELSON and TROTT, Circuit Judges, and ROBERT J. BRYAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Richard Lopez appeals the sentence imposed upon remand from his prior appeal to this court. We previously affirmed his convictions for conspiracy to steal an interstate shipment under 18 U.S.C. § 371 and theft of interstate goods under 18 U.S.C. § 659. We also vacated Lopez's sentence and remanded to the district court with instructions to reduce his sentence under 18 U.S.C. § 371 from 77 to 60 months to comply with the statutory maximum.
 
 
 4
 In this appeal from resentencing, Lopez raises issues from the original sentencing proceeding. He claims that the district court erred in enhancing his sentence under the Sentencing Guidelines for his supervisory role in the offense. He also alleges that the district court improperly refused to hold an evidentiary hearing before imposing sentence. Lopez further claims that his appellate counsel was ineffective in that he failed to raise these issues in the first appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. Scope of the Remand
 
 5
 When Lopez originally was sentenced, the government sought and received a three-level upward adjustment to his offense level for a supervisory or managerial role. U.S.S.G. § 3B1.1(a). In arguing for the adjustment, the government relied on an unsworn, post-arrest statement by one of Lopez's codefendants, Cesar Dominguez. The district court rejected Lopez's request for an evidentiary hearing at which two other codefendants could testify about his role in the offense.
 
 
 6
 When he was resentenced pursuant to this court's remand, Lopez raised his claim that the upward adjustment was incorrect and that he had been denied an evidentiary hearing. The district court did not address these issues because its mandate extended only to adjusting the sentence on Count One to conform to the statutory maximum. The court resentenced Lopez to concurrent terms of 60 months on Count One and 77 months on Count Two.
 
 
 7
 On remand, a district court generally "may take any matter into account and may hear any evidence relevant to sentencing." United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir.1994); see also Fed.R.Crim.P. 35(a). However, where the reviewing court "expressly limit[s] the scope of [its] remand to consideration of a single sentencing issue," the district court lacks the authority to revisit other issues. United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994), cert. denied, 115 S.Ct. 777 (1995).
 
 
 8
 Our remand in Lopez's first appeal instructed the district court to make a specific adjustment to Lopez's sentence on Count One. Lopez's unrelated claim that the district court erred in his first sentencing proceeding clearly exceeds the scope of our limited remand. The district court lacked jurisdiction to consider his claims. Moreover, Lopez's argument that his case is an extraordinary situation requiring suspension of the normal procedural rules is entirely without merit. We decline to review his claim that the district court erred in the original sentencing proceedings.
 
 II. Ineffective Assistance of Counsel
 
 9
 A claim of ineffective assistance of counsel ordinarily should be raised in a collateral proceeding under 28 U.S.C. § 2255. United States v. Quintero-Barazza, 78 F.3d 1344, 1347 (9th Cir.1995), cert. denied, 117 S.Ct. 135 (1996). However, the record here adequately sets forth the facts giving rise to Lopez's claim that his appellate counsel was ineffective. Moreover, he is represented by different counsel in this appeal from resentencing. Therefore, we will decide Lopez's ineffective assistance claim in this direct appeal. Id.
 
 
 10
 Lopez argues that counsel in his first appeal was ineffective because he did not raise the argument that Lopez should have been granted an evidentiary hearing on his role in the offense. Counsel did challenge the district court's determination that Lopez was a manager or supervisor, and he did question the reliability of Dominguez's statement. He did not, however, focus specifically on the district court's denial of an evidentiary hearing on the issue. We upheld the district court's determination that Lopez was a "manager or supervisor" in the conspiracy within the meaning of U.S.S.G. § 3B1.1(b).
 
 
 11
 To prevail on a claim of ineffective assistance of counsel, Lopez must meet the standard set forth in Strickland v. Washington, 466 U.S. 668, 687-96 (1984). He must show both that counsel's performance was deficient and that the deficiency prejudiced his appeal. Id. at 687. We do not believe that Lopez has met that standard.
 
 
 12
 Lopez's appellate counsel argued against the upward adjustment, marshalling record evidence in tension with Dominguez's statement and the government's position. Counsel's failure to argue against the upward adjustment by pointing to the denial of an evidentiary hearing did not fall "below an objective standard of reasonableness." Id. at 688. He may have made a strategic decision that the argument would be unpersuasive because "[t]here is no general right to an evidentiary hearing at sentencing." United States v. Kimball, 975 F.2d 563, 568 (9th Cir.1992); see also United States v. Sarno, 73 F.3d 1470, 1502-03 (9th Cir.1995) (holding that a district court may permissibly deny an evidentiary hearing where a defendant has sufficient opportunity to rebut recommendations and allegations), cert. denied, 116 S.Ct. 2554 (1996); United States v. Montoya, 45 F.3d 1286, 1291 (9th Cir.) (stating that the decision on whether to hold an evidentiary hearing is within the district court's discretion), cert. denied, 116 S.Ct. 67 (1995). We find Lopez's representation on appeal within "the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.
 
 
 13
 For similar reasons, Lopez cannot demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. We accepted the district court's determination that Lopez performed a supervisory role, and it is unlikely that an argument premised on the failure to hold an evidentiary hearing would have altered our assessment of the sentence.
 
 
 14
 The denial of an evidentiary hearing did not deprive Lopez of a " 'reasonable opportunity to present information to the court.' " United States v. Real-Hernandez, 90 F.3d 356 (9th Cir.1996); see also Fed.R.Crim.P. 32(c)(1); U.S.S.G. § 6A1.2. The contrast between Dominguez's statement and other evidence at trial was raised and resolved both at sentencing and on the first appeal. Lopez does not argue that the unreliability of Dominguez's statement was never raised; he simply claims that the issue should have been developed through an evidentiary hearing. It is not clear, however, either that Lopez's codefendants would have been willing to testify, or that they would have testified that he played a minor role in the offense.
 
 
 15
 This court has held that a sentencing court violated a defendant's right to due process by "premising his sentence upon the post-arrest hearsay statements of an accomplice." United States v. Huckins, 53 F.3d 276, 279 (9th Cir.1995). Here, however, the appeals court evidently determined that Dominguez's statement was supported by the requisite "minimal indicia of reliability." United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.1993).
 
 
 16
 Although counsel's somewhat incomplete arguments against relying on Dominguez's hearsay statement "conceivably could have influenced the outcome" of his appeal, Lopez cannot demonstrate that he suffered sufficient prejudice to warrant setting aside his sentence. Strickland, 466 U.S. at 693, 699.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3