UNITED STATES of America,
Plaintiff–Appellee,

v.

Ut Thi CHAU, Defendant–Appellant.

No. 01–30118.

D.C. No. CR–99–00341–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2001.*

Decided Oct. 5, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM ***

Ut Thi Chau was convicted of bank fraud and sentenced to a term of fifteen months imprisonment and a five-year term of supervised release. She now appeals the judgment finding her in violation of supervised release and imposing a sentence of fifteen months imprisonment and thirty-six months supervised release.

■ Defendant complains that the district court, in imposing sentence, relied on its belief that defendant failed to disclose her ownership interest in a house and that she had lost more money in gambling than she had admitted. While she was never specifically charged with these violations, defendant raised no objection when the government raised these issues at the revocation/sentencing hearings. Moreover, the court continued the first hearing for thirty days to enable the parties to get the facts about where she got the money for gambling, giving defendant fair warning of the acts which may lead to revocation. *United States v. Simmons*, 812 F.2d 561, 565 (9th Cir.1987).

■ Defendant further complains that the court relied entirely on hearsay evidence. Hearsay evidence may be used in sentencing so long as it is accompanied by some minimal indicia of reliability. *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir.1995). Here, the evidence showed that defendant quitclaimed the house to Hoang Phan, her boyfriend, who, in turn, quitclaimed it to defendant's son, who told an FBI agent that he believed his mother owned it, and that she is shown as co-mortgagee on the records of the mortgage holder. While the legal ownership of the

*** This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

house may be in doubt, there was sufficient evidence to find defendant had a beneficial interest. With respect to the amount of money she gambled, the probation report found the amount to be $9600, based on information received from a casino. Defendant disputed the amount but offered no evidence and the court chose not to believe her.

■ Because there was sufficient evidence to support the court's findings, the district court did not abuse its discretion. Nor did the court err in sentencing. Under U.S. SENTENCING GUIDELINES MANUAL § 7.B.1.4, cmt. n. 4 (2000), the court was warranted in imposing an upward departure from the presumptive sentencing range in an amount equal to the six-month downward departure at the original sentencing.

AFFIRMED.

\*\* This disposition is not appropriate for publi-