**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Kelvin HOUSTON,**
**Defendant–Appellant.**

No. 00–50699.

D.C. No. CR–98–03430–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 13, 2001.

---

1. All outstanding motions are denied as moot.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

### MEMORANDUM **

Subsequent to our remand for resentencing in accordance with Fed.R.Crim.P. 32(c)(1), William Kelvin Houston appeals his 57–month sentence following a guilty plea to two counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Houston first contends that the district court, on remand for resentencing, did not comply with Fed.R.Crim.P. 32(c)(1) because it failed to resolve the dispute as to whether Houston made threats of death to the victim tellers. We review de novo the district court's compliance with Fed. R.Crim.P. 32, *United States v. Standard*, 207 F.3d 1136, 1140 (9th Cir.2000). Our review of the record reveals that the district court stated that it had determined by a preponderance of the evidence that the statements were attributable to Houston, and that they were indeed intended as threats. The district court therefore properly complied with Rule 32(c)(1).

Houston next contends the district court erred by concluding that the hearsay statements of the victim bank tellers were insufficient to satisfy the government's burden of proof by a preponderance of the evidence. We are not persuaded.

Hearsay evidence is admissible at sentencing as long as it is accompanied by "some minimal indicia of reliability." *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir.1995). The district court, here, relied upon the hearsay statements of the two victim bank tellers, which though at odds with the defendant's version of events, were remarkably similar and corroborated each other. Because the only evidence in opposition to the tellers' version of events was the defendant's own statement, the district court properly determined that sufficient evidence was introduced to support the application of the upward adjustment. *See United States v. Berry*, 258 F.3d 971, 977 (9th Cir.2001).

Finally, Houston contends that the district court erred by resolving the dispute as to whether the threatening statements were attributable to him without an evidentiary hearing. Here too, we find Houston's contention unpersuasive.

We previously determined that Houston was not entitled to an evidentiary hearing. *See United States v. Houston*, 217 F.3d 1204, 1209 (9th Cir.2000); *see also United States v. Stein*, 127 F.3d 777, 780–81 (stating that "[w]here the district court allows the defendant to 'rebut the recommendations and allegations of the presentence report either orally or through the submission of written affidavits or briefs,' Rule 32 does not require an evidentiary hearing.") (*quoting United States v. Sarno*, 73 F.3d 1470, 1502–03 (9th Cir.1995)). Because Houston has not now shown any change in circumstance sufficient to warrant a revision of our previous decision, the district court properly declined to conduct an evidentiary hearing.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.