**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Andrew TATE, Defendant—Appellant.**

No. 02–50616.

United States Court of Appeals, Ninth Circuit.

June 7, 2005.

Michael J. Raphael, Esq., Fred A. Rowley, Jr., Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Robert L. Ramsey, Esq., Law Offices of Ramsey & Price, Los Angeles, CA, for Defendant–Appellant.

Before: BROWNING, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Defendant Andrew Tate was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and was sentenced to a term of imprisonment of 110 months and a 3–year term of supervised release. Tate appealed the district court's denial of his motion to suppress evidence and the two-level sentence enhancement for possessing three additional firearms. We affirmed Tate's conviction and sentence in a memorandum disposition. *United States v. Tate*, 99 Fed. Appx. 817 (9th Cir.2004) (unpublished disposition). The Supreme Court vacated that disposition and remanded to this court in light of *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Tate v. United States*, — U.S. ——, 125 S.Ct. 1060, 160 L.Ed.2d 999 (2005). We affirm Tate's conviction, but remand the sentence to the district court.

Denials of motions to suppress are reviewed de novo. *United States v. Percy*, 250 F.3d 720, 725 (9th Cir.2001). The district court's factual findings with regard to the motion to suppress are reviewed for clear error. *Id.*

## DISCUSSION

### I. Suppression of Firearms

■ At trial, Tate moved to suppress the five firearms found at the house he shared with Misty McCoy. He argues on appeal that because the seizure of the firearms exceeded the scope of the search warrant, the firearms evidence should have been suppressed at trial.

Under the plain view exception to the warrant requirement, officers may seize an object without a warrant if they are lawfully in a position from which to view the object, if its incriminating nature is immediately apparent, and if the officers have a lawful right of access to the object. *Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).

The police officers were lawfully at the house pursuant to a search warrant, and they knew from their surveillance that Tate shared the house with McCoy. The locations where the firearms were found were all places where the officers could reasonably be expected to look for and find drugs and drug paraphernalia. The incriminating nature of the guns was apparent, because the officers had been informed that Tate had been convicted of felony drug and firearms offenses. Accordingly, the seizure of the firearms was justified under the plain view doctrine. *See United States v. Ewain*, 88 F.3d 689, 693 (9th Cir.1996).

### II. Upward Adjustment

■ Tate argues that the district court erred in ruling on the two-level upward adjustment for possession of three or more firearms pursuant to § 2K2.1(b)(1)(A) of the United States Sentencing Guidelines. Yet he admitted that he shared the residence with McCoy and acknowledged that he "frequented the home and stored the [two rifles] there." Also, after admitting that he owned the two rifles, Tate told the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

officers that he would admit possessing all five guns if the state lowered his bail and did not charge McCoy.

McCoy also told the police that the guns belonged to Tate. Although this evidence was hearsay, it may be used in sentencing if accompanied by "some minimal indicia of reliability." *United States v. Huckins,* 53 F.3d 276, 279 (9th Cir.1995) (internal quotation marks omitted). Here, her statement was corroborated by Tate's willingness to accept responsibility for all five firearms and the presence of weapons that Tate admittedly owned—along with other items—at the house. This is a sufficient indicator of reliability for McCoy's statement to have been relied on at sentencing. Based on the foregoing, it was not clearly erroneous for the district court to apply a two-level upward adjustment to Tate's sentence.

Tate did not challenge his sentence on Sixth Amendment grounds in the district court; however, this sentence is remanded for further proceedings in light of *Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621, and *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

Conviction AFFIRMED; sentence REMANDED.