UNITED STATES of America,
Plaintiff—Appellee,

v.

Luis Andalon MORENO, Defendant—Appellant.

No. 05–30381.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2006.*

Decided June 8, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**616**

Bernard F. Hubley, Esq., USHE—Office of the U.S. Attorney, Helena, MT, for Plaintiff—Appellee.

Robert Kelleher, Esq., Kelleher Law Office, Billings, MT, for Defendant—Appellant.

Before: TASHIMA and W. FLETCHER, Circuit Judges, and POLLAK,** Senior District Judge.

MEMORANDUM ***

Appellant Luis Andalon Moreno appeals the sentence imposed by the district court as a result of his plea of guilty to a single charge of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The amount of methamphetamine that Moreno had distributed was in dispute at the sentencing hearing and is the sole disputed issue in this appeal. One of Moreno's co-conspirators, Lynda French, testified at the hearing that Moreno had sold her more than 5 pounds (2.27 kilograms) of methamphetamine over the course of their dealings, but, in previous interviews, French had estimated that the amount of methamphetamine she received from Moreno was substantially smaller.

The sentencing guidelines call for a base offense level of 34 when the amount of methamphetamine distributed is between 1.5 and 5 kilograms; the offense level is 32 if the amount is between 500 grams and 1.5 kilograms. U.S.S.G. § 2D1.1(c). Moreno, relying on French's initial statements to investigators, claims that he distributed approximately 1.4 kilograms of methamphetamine and that his base offense level was therefore 32. The district court, however, chose to credit French's in-court testimony and found that Moreno had distributed over 2 kilograms. The district court therefore sentenced Moreno using a base offense level of 34.[1] On appeal, Moreno contends that the district court committed clear error in accepting non-credible testimony and finding that Moreno trafficked over 1.5 kilograms of methamphetamine.

We review factual findings made at the sentencing phase for clear error. *United States v. Asagba*, 77 F.3d 324, 325 (9th Cir.1996). The determination of the quantity of drugs involved in an offense is a factual finding. *Id.* We also review credibility determinations for clear error. *United States v. Cervantes*, 219 F.3d 882, 891 (9th Cir.2000).

We find no error, let alone clear error, on this record. The two cases Moreno cites in support of his position concluded that it was improper to rely on certain uncorroborated hearsay statements for sentencing purposes. *See United States v. Huckins*, 53 F.3d 276, 278 (9th Cir.1994); *United States v. Miele*, 989 F.2d 659, 667–68 (3d Cir.1993). In Moreno's case, however, the district court did not rely on hearsay statements—in fact, the district court chose to credit in-court testimony, which was subject to cross-examination,

---

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The district court calculated Moreno's total offense level to be 33 after applying a two-level firearm possession enhancement and a three-level deduction for acceptance of responsibility.

rather than hearsay statements. Our legal tradition has a well-developed preference for in-court testimony over hearsay.

We find no reason to disagree with the district court's determinations as to French's credibility and the quantity of drugs involved in Moreno's offense.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.