**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30479 |
| Plaintiff - Appellee, | D.C. No. 9:07-CR-00056-DWM-3 |
| v. | |
| KENNETH J. BOWLAN, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 3, 2009 [**]
Portland, Oregon

Before: KOZINSKI, Chief Judge, FISHER and PAEZ, Circuit Judges.

Kenneth Bowlan appeals from the 84-month sentence imposed following his

plea of guilty to possession of methamphetamine with intent to distribute, in

violation of 21 U.S.C. § 841(a)(1).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the district court's determination that hearsay testimony was sufficiently reliable to establish drug quantity for sentencing purposes. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001). Because the hearsay statements regarding the quantity of drugs that Bowlan possessed were neither inherently reliable nor corroborated by extrinsic evidence, the district court abused its discretion by relying on them. *See United States v. Huckins*, 53 F.3d 276, 279–80 (9th Cir. 1995). Accordingly, we vacate the sentence and remand for resentencing on an open record pursuant to *United States v. Matthews*, 278 F.3d 880, 889–90 (9th Cir. 2002) (en banc).

The district court did not violate Bowlan's Fifth or Sixth Amendment rights by imposing a sentence based on a drug quantity that was neither proved to a jury nor admitted. Because the district court properly treated the Guidelines as advisory and sentenced Bowlan below the statutory maximum, there was no constitutional violation. *See United States v. Booker*, 543 U.S. 220, 233 (2005).

VACATED and REMANDED.