NOT FOR PUBLICATION

FILED

OCT 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30439 |
| Plaintiff - Appellee, | D.C. No. 6:93-cr-60068-HO-1 |
| v. | |
| RANDY ALLEN DENHEM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30440 |
| Plaintiff - Appellee, | D.C. No. 6:09-cr-60032-HO-1 |
| v. | |
| RANDY ALLEN DENHEM, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted October 4, 2010
Portland, Oregon

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

In these consolidated appeals, Randy Denhem appeals his sentence of 39 months' imprisonment for his convictions of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), and Possession of a Stolen Firearm, 18 U.S.C. § 922(j); and his sentence of 21 months' imprisonment for violating the conditions of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** First, Denhem argues in 09-30440 that the district court improperly enhanced his sentence under U.S.S.G. § 2K2.1(b)(6) on the basis of an erroneous finding that Denhem had participated in a burglary where he stole a handgun. Denhem contends that the evidence presented by the government, consisting principally of the testimony of Denhem's ex-girlfriend and alleged accomplice, Shannon Howell, was insufficient to prove that Denhem had committed the offense. We conclude that the evidence was sufficient and hold that the § 2K2.1(b)(6) enhancement was proper.

Although Howell had testified inconsistently before a grand jury, the district court did not clearly err when it credited her testimony that Denhem had broken into a house with her. The circumstances here contrast sharply with *United States v. Huckins*, 53 F.3d 276 (9th Cir. 1995), relied on by Denhem, where there was no substantial evidence to corroborate an accomplice's testimony that the defendant

2

had used a gun while committing a bank robbery. Here, Howell's testimony was corroborated by Denhem's admission that he possessed one of the stolen guns a few weeks after the burglary. Her testimony was also supported by the burglary victim's opinion that, in light of Howell's diminutive size, she could not have broken down the door to his home by herself. In light of all the evidence presented at the sentencing hearing, the district court did not clearly err in finding that Denhem committed the burglary. With that finding, the district court properly applied the § 2K2.1(b)(6) enhancement.

**2.** Next, Denhem argues in both 09-30439 and 09-30440 that the district court committed procedural and substantive error when it failed to consider as mitigation the fact that Denhem's 1994 sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which was based on several prior second degree burglary convictions under Or. Rev. Stat. § 164.215, would not have been proper under the present interpretation of the ACCA. Denhem argues that recent United States Supreme Court and Ninth Circuit opinions in *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc), exclude Oregon Second Degree Burglary from the category of ACCA violent felonies and therefore his 1994 sentence was unjust.

We need not address the question of whether Oregon Second Degree Burglary is a violent felony under the ACCA.[1] In sentencing Denhem in 1994, the court followed then-existing Ninth Circuit precedent; there was nothing improper about that sentence. Accordingly, the district court did not commit procedural error in failing to consider as mitigation the later change in the law.

Moreover, in light of all the circumstances, the district court's sentences toward the low end of Denhem's advisory guidelines range in both cases were substantively reasonable. In particular, in 09-30439, the court's sentence of 21 months' imprisonment was reasonable where Denhem violated the conditions of his supervised release by absconding supervision and committing new criminal offenses. *See United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc) (affirming a within guidelines sentence where there was nothing unusual about the defendant's circumstances that compelled a sentence below the advisory guidelines range). Similarly, in 09-30440, the court's sentence of 39 months' imprisonment was reasonable where Denhem committed a felony gun offense after failing to report for his prison sentence in an unrelated drug case. *See id.*

---

[1]We also need not address the district court's denial of Denhem's Fed. Rule Civ. Pro. 60(b) motion. At oral argument, counsel represented that Denhem's appeal did not challenge the merits of the district court's Rule 60(b) ruling.

Denhem's sentence in 09-30439 is **AFFIRMED,** and his sentence in 09-30440 is also **AFFIRMED.**