**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50397 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00540-JAH |
| v. | |
| JESUS RODRIGUEZ-MORENO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Jesus Rodriguez-Moreno appeals from the 77-month sentence imposed following his guilty plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rodriguez-Moreno contends that the district court procedurally erred by considering his non-scoring prior arrests in formulating the sentence, and failing to adequately address his request for a lower sentence. Though the court mentioned Rodriguez-Moreno's non-scoring arrests when discussing his history and characteristics under 18 U.S.C. § 3553(a), Rodriguez-Moreno has not shown that the information formed a basis for the sentence. *See United States v. Huckins*, 53 F.3d 276, 280 (9th Cir. 1995) ("When a sentencing judge considers unreliable information in sentencing, remand is required only if the challenged information is 'demonstrably made the basis for the sentence.'"). Moreover, the district court considered and addressed Rodriguez-Moreno's arguments for a lower sentence based on his medical condition. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Rodriguez-Moreno also contends that the district court erred by denying his motion for a downward departure based on physical impairment, pursuant to U.S.S.G § 5H1.4. When an appellant makes such a contention, we will review the ultimate sentence for reasonableness. *See United States v. Mohamed*, 459 F.3d 979, 986-87 (9th Cir. 2006).

Rodriguez-Moreno contends that the sentence is substantively unreasonable in light of his deteriorating medical condition. Under the totality of the

2

circumstances and the factors set forth in 18 U.S.C. § 3553(a), the sentence at the low end of the Guidelines range is substantively reasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**