**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30165 |
| Plaintiff - Appellee, | D.C. No. 1:14-cr-00022-SPW-2 |
| v. | |
| FABIOLA MANCO CABALLERO, a.k.a. Faviola Manzo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 6, 2015[**]

Before:    HUG, FARRIS, and CANBY, Circuit Judges.

Fabiola Manco Caballero appeals from the district court's judgment and

challenges the 168-month sentence imposed following her guilty-plea conviction

for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Caballero contends that the district court erred at sentencing when it determined the quantity of methamphetamine. In particular, she contends that the district court should not have included 17 ounces of methamphetamine allegedly sold by Caballero to a confidential source on December 26, 2013 in Primm, Nevada because there were not sufficient indicia of reliability supporting a confidential source's report of that transaction. We review for abuse of discretion, and we find none. *See United States v. Flores*, 725 F.3d 1028, 1035 (9th Cir. 2013); *United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001).

Caballero objected to the quantity of methamphetamine in the district court, although she did not object to the pre-sentence report's factual statement that the confidential source purchased methamphetamine from her on that date and in that location. The confidential source's statement admitting to this transaction and to an increase in the total quantity of methamphetamine was self-inculpatory, providing some indicia of reliability. *See United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995) (recognizing that a self-inculpatory statement is reliable while

---

[1] Because the parties are familiar with the facts and procedural history underlying this appeal, we do not recount them here.

a collateral statement is not); *see also United States v. Culps*, 300 F.3d 1069, 1076 (9th Cir. 2002) (holding that, when approximating drug quantity, "the information which supports an approximation must possess sufficient indicia of reliability to support its probable accuracy"). In addition to the inherent reliability of the confidential source's inculpatory statement, the confidential source's reliability was further bolstered because authorities were able to corroborate a number of other statements made by the confidential source, including the confidential source's location on the day of the disputed transaction and Caballero's involvement in two other methamphetamine transactions. In fact, the Drug Enforcement Administration's Special Agent testified that the confidential source had not provided him with any information that proved to be unreliable. A preponderance of the evidence supported the drug quantity found by the district court, and the court based its conservative estimate of drug quantity on a sufficiently reliable source. Thus, the district court did not err when it determined the quantity of methamphetamine. *See Culps*, 300 F.3d at 1076.

**AFFIRMED**.