**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30165 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00028-RRB |
| v. | |
| DANIEL OREN MORGAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 15, 2017[**]
Anchorage, Alaska

Before: GRABER, CLIFTON, and M. SMITH, Circuit Judges.

Jason Morgan challenges the substantive reasonableness of the sentence

imposed following entry of his guilty plea. The district court provided adequate

reasons to support its conclusion that the sentence was "sufficient, but not greater

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

than necessary," to protect the public and promote respect for the law. 18 U.S.C. § 3553(a). Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *Gall v. United States*, 552 U.S. 38, 51 (2007), Morgan's sentence was not substantively unreasonable. "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Morgan also challenges Supervised Release Special Condition No. 7. After the imposition of Morgan's sentence, the Supreme Court issued its opinion in *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017). As agreed by the parties, we vacate that special condition of supervised release and remand to the district court for further consideration in light of *Packingham*.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

FILED

AUG 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

M. SMITH, Circuit Judge, concurring in part and dissenting in part:

I concur in the decision to vacate special condition of supervised release number 7 and remand to the district court for further consideration in light of *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017). I dissent in part, however, because I am concerned that the district court may have based Morgan's sentence on hearsay that lacked the requisite "minimal indicia of reliability." *United States v. Pimentel-Lopez*, 859 F.3d 1134, 1144 (9th Cir. 2016) (quoting *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995)). I would therefore vacate Morgan's sentence and remand to the district court for resentencing.

1. Defendant Daniel Morgan pleaded guilty without a plea agreement to the charge of failing to register as a sex offender. The guidelines range was 18-24 months. The district court sentenced him to 48 months imprisonment and a lifetime term of supervised release.

"A substantively reasonable sentence is one that is sufficient, but not greater than necessary[,] to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Hernandez*, 795 F.3d 1159, 1168 (9th Cir. 2015) (internal quotation marks omitted). After considering those goals, if a judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the

1

variance." *Gall v. United States*, 552 U.S. 38, 50 (2007). "[A] major departure should be supported by a more significant justification than a minor one." *Id.* Additionally, "[a]fter settling on the appropriate sentence, [the judge] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.*

"We review the substantive reasonableness of a sentence for abuse of discretion based on the totality of the circumstances." *United States v. Vasquez-Perez*, 742 F.3d 896, 901 (9th Cir. 2014). It is an abuse of discretion to base a sentence on hearsay that lacks "some minimal indicia of reliability." *Pimentel-Lopez*, 859 F.3d at 1144 (internal quotation mark omitted).

2. The Presentence Report (PSR) contained allegations leveled by Morgan's estranged ex-wife stating that Morgan engaged in three discrete acts of deviant sexual behavior involving young children in the 1980s. These alleged acts were never reported to the police and did not result in any arrests, much less any convictions. Morgan's estranged daughter echoed only one of the allegations in her interview with the probation officer.

While the district court invoked deterrence, protection of the public, and promoting respect for the rule of law as bases for doubling the high-end of the guidelines range, there is also compelling evidence that the district court relied on the ex-wife's allegations in determining Morgan's sentence. The court stated that

Morgan had a "history of sexual assaults," even though Morgan had only one conviction for a sex offense involving a four-year-old boy. The court also said that it would maintain the supervised release conditions "given [Morgan's] history. And it's a history that's not clear, because some of the victims are boys, *some are girls*." (emphasis added). The court asked Morgan, "why shouldn't I think you're a danger to the community, in terms of these allegations? You get to know someone, you get the trust of someone. The next thing you know, the children are jeopardized." It concluded by stating: "*based on your history*, and that's what we're talking about, it suggests the community is in danger until you address your demons, *and so I'm going to vary upward*." (emphasis added).

3. As it appears that the district court relied on the estranged ex-wife's hearsay allegations in determining Morgan's sentence, we must assess whether that hearsay was accompanied by "some minimal indicia of reliability." This is an admittedly low bar, but I am not convinced that the ex-wife's hearsay meets the requisite standard.

On the one hand, the only indicia of reliability the government invokes is a supplemental report prepared by the probation officer, who was responding to Morgan's objection to including these allegations in the PSR. The probation officer explained that she interviewed Morgan's daughter and ex-wife separately, and found them both to be "extremely candid." In her opinion, "[n]either family

3

member appeared at all vindictive toward Morgan, but rather reflective on their joint history." In short, the probation officer's *credibility determination* is the only indicia of reliability offered to support the hearsay.[1]

On the other hand, none of the statements made by the probation officer, the ex-wife, or the daughter were delivered under oath, or at an evidentiary hearing where they could be subjected to cross-examination. The government also presented no other extrinsic evidence to corroborate the allegations. Adding to this, the district court did not *itself* make the crucial credibility determination. Moreover, the alleged events occurred some *thirty years* in the past, and thus arguably had little probative value in any event. In similar circumstances, we have held that hearsay lacked the requisite minimal indicia of reliability. *See Huckins*, 53 F.3d at 279–80 (hearsay statements suggesting that defendant was armed lacked minimal indicia of reliability where the government presented no extrinsic evidence to corroborate the statements, and the statements were not made under oath or in a circumstance where they were subject to cross-examination). I am not fully convinced that the same conclusion should not be reached here.

---

[1] I note that Morgan's estranged daughter partly corroborated the estranged ex-wife's version of one of the three alleged events. We have held that "[o]ne factor evidencing the reliability of hearsay statements . . . is external consistency." *United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001). But again, the reliability of the daughter's statement depends principally on the probation officer's credibility assessment.

In sum, the district court appears to have issued a sentence that *doubled* the high-end of Morgan's guidelines range based on hearsay supported only by a credibility determination made by a probation officer who had interviewed the defendant's *estranged* ex-wife about *unreported* but alleged acts of sexual deviance committed some *thirty* years in the past. Because it is an abuse of discretion to base a sentence on hearsay that lacks "some minimal indicia of reliability," I would vacate Morgan's sentence and remand for resentencing.