**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10282 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00009-LRH-WGC-1 |
| v. | |
| RAFAEL ALFONSO MEDINA, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 13, 2019
San Francisco, California

Before: BENNETT and LEE, Circuit Judges, and PIERSOL,** District Judge.

Rafael Alfonso Medina, Jr. ("Medina") appeals the 108-month sentence

imposed by the district court following his guilty plea to one count of assault

causing serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6), 1151 and

1153. We have jurisdiction pursuant to 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

**1.**     Medina alleges that the district court denied him due process by "consider[ing] unreliable information" that was "demonstrably made the basis for the sentence." *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995). Reviewing the constitutionality of Medina's sentence de novo, *United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir. 2000), we agree.

At sentencing, the district court considered the murder as relevant conduct and sua sponte enhanced Medina's sentence to 108 months. The government did not request an enhancement, and presented no evidence in support of the relevant conduct finding. The enhancement was based largely on hearsay statements about the murder in the Presentence Investigation Report ("PSR"). But most of the evidence from the murder investigation had been lost or destroyed. In response to Medina's motion to dismiss the murder charge, counsel for the government stated, in part:

> The undersigned counsel is unable to represent a good faith argument that the Defendant's due process rights have not been violated. The evidence lost in this case is not one biological specimen that could have been tested by the defense. Unfortunately, the evidence that was lost and mishandled is literally a score of recorded interviews, and all of the biological evidence stored in the BIA's horse trailer that was filled with evidence for which no chain of custody was completed and inexplicably left unattended and unlocked in Fort McDermitt, Nevada, for an undetermined number of weeks during the summer of 2017.
> Applying *Sivilla*, the government cannot contend that law enforcement agents, specifically those from the BIA, were unaware that this evidence was material to the murder charge against the Defendant. Indeed, what was mishandled and lost is the majority of the recorded interviews and almost the entirety of the biological and physical evidence in the murder

2

investigation.  There is no question this evidence is material to both the prosecution and defense, and therefore, per *Sivilla*, the government candidly concedes Defendant's constitutional rights were violated.

For the murder count, the only possible mitigation the government has is to point out that there is an eyewitness to the death. However, the undersigned counsel candidly concedes that (1) two of the interviews that were lost were of this particular witness, which deprives the defense of potentially exculpatory and/or impeachment evidence; (2) this witness is the only ear and eyewitness to the crime; and (3) the undersigned counsel is informed by the defense that this witness has violent criminal history involving a knife. The loss of his recorded interviews, in conjunction with other lost and mishandled evidence, understandably and significantly impairs the Defendant's ability to put on a legal defense at trial. As an officer of this Court, the undersigned counsel simply cannot state otherwise.

Government's Response to Defendant's Motion to Dismiss at 4–5. The district court dismissed the murder charge based on the due process violations resulting from the lost and mishandled evidence. *See* Order on Defendant's Motion to Dismiss at 5.

On this record, we do not find "sufficient indicia of reliability to support [the PSR statements'] probable accuracy" about the murder. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001) (recognizing that a district court may rely on hearsay at sentencing, including hearsay statements in a PSR, if the statements have "some minimal indicia of reliability" supporting their accuracy). As a result, we vacate Medina's sentence and remand for resentencing.

The government argued that there is ample evidence other than the PSR statements to support the district court's finding that Medina murdered his father. But the government did not introduce any evidence of the murder at Medina's

sentencing, and "we are not in a position to weigh conflicting evidence, which is an important responsibility of the district court." *United States v. Jordan*, 256 F.3d 922, 933 (9th Cir. 2001).

On remand, the district court may conduct an evidentiary hearing to consider evidence presented by the government that Medina murdered his father. *See United States v. Matthews,* 278 F.3d 880, 889 (9th Cir. 2002) (en banc) ("[O]ur general rule" is to "remand for resentencing without limitation on the district court."). In determining the applicable burden of proof the district court should consider "the magnitude of the [factual] finding's effect on the sentencing range." *United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019).[1]

**2.** Because we remand for resentencing, we do not reach Medina's argument that his 108-month sentence is substantively unreasonable. *See United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir. 2006)

---

[1] Generally factual findings underlying a relevant conduct enhancement must be supported by a preponderance of the evidence if the sentencing enhancement does not have a disproportionate effect on the sentence. *See United States v. Collins*, 109 F.3d 1413, 1420 (9th Cir. 1997). But "our case law makes clear that we must apply the heightened clear and convincing standard based solely on the large impact on [petitioner's] Guidelines calculations reflected in [two factors]." *Valle*, 940 F.3d at 479 n.6. These factors are "whether the increase in the number of offense levels is less than or equal to four" and "whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range in a case where the defendant would otherwise have received a relatively short sentence." *Id.* at 479 (quoting *Jordan*, 256 F.3d at 928).

**3.**     Medina has asked for a different sentencing judge on remand, arguing that the original district judge would have substantial difficulty putting aside his belief that Medina killed his father, and that the district judge said a high-end sentence would be appropriate if this court holds the murder cannot be considered. We may remand to a different district judge if a party can show personal biases or unusual circumstances, based on an assessment of three factors: (1) whether on remand the district judge can be expected to follow this court's dictates; (2) whether reassignment is advisable to maintain the appearance of justice; and (3) whether reassignment risks undue waste and duplication. *United States v. Peyton*, 353 F.3d 1080, 1091 (9th Cir. 2003).

Nothing suggests that the district judge would fail to follow this court's mandate. Nor do we need to reassign to maintain the appearance of justice. The district judge felt strongly about the murder conduct, but he also mentioned mitigating factors and he made no comments suggesting he could not be fair on remand. Finally, as the government notes, reassignment would create undue waste.

**REVERSED** and **REMANDED** for resentencing.