NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10070 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-00297-JD-1 |
| v. | |
| BROOKE CAMPBELL SOLIS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted August 21, 2023[**]
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Brooke Campbell Solis pleaded guilty to six counts of wire fraud in violation

of 18 U.S.C. § 1343. The district court imposed a 37-month sentence. Solis appeals

the district court's denial of the third point of a three-level sentencing reduction for

acceptance of responsibility under U.S. Sentencing Guidelines ("USSG")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 3E1.1(b).  She also alleges that the government breached the plea agreement and that her sentence was substantively unreasonable.  Because Solis did not raise these issues before the district court, we review for plain error.  *United States v. Halamek*, 5 F.4th 1081, 1087 (9th Cir. 2021); *United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012).  We vacate Solis's sentence and remand for resentencing.

1.    Under plain error review, the government did not breach the plea agreement.  The plea agreement required the government to recommend a sentence "within the range associated with the Guidelines calculation set out" in the agreement.  And the government fulfilled its obligations.  Solis argues that the government breached the plea agreement by noting that she had not "shown true remorse" to the victim; that her justifications to her psychologist were "inconsistent with true acceptance of responsibility"; that her continued blame of others for her offenses showed a "failure to take full responsibility for her actions"; and that her explanation of her offenses was "inconsistent with actual remorse and full acceptance of responsibility."

But, "despite a plea agreement to make certain recommendations, the government has a duty to ensure that the court has complete and accurate information, enabling the court to impose an appropriate sentence." *United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir. 2000).  Here, the government's statements provided new information to the district court and did not plainly violate

2

the terms of the plea agreement. *Cf. United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014) (no breach of plea agreement when the government "provide[s] the district judge with . . . new information or correct[s] factual inaccuracies" (quoting *Whitney*, 673 F.3d at 971)).

2. The district court plainly erred by denying the additional one-level reduction requested by Solis on improper grounds. It is uncontested that Solis met the requirements for a three-level reduction under USSG § 3E1.1(b): (1) the district court granted her the two-level reduction under § 3E1.1(a); (2) her offense level of 21 was greater than 16; and (3) the government requested in both its sentencing memorandum and in its reply to Solis's sentencing memorandum that the district court grant the third point. When the requirements of this section are met, "the additional one point reduction in sentence level is mandated." *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995). The government concedes the district court cited improper reasons for denying Solis the third point for acceptance of responsibility.

"A mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (per curiam). While the government argues that the error was harmless because the district court mentioned that it was "tempted to go higher," we are concerned that the district court

3

began from the wrong starting point. *See United States v. Doe*, 705 F.3d 1134, 1154 (9th Cir. 2013) (holding that the district court's "failure accurately to state the Guidelines range at the onset derailed the sentencing proceeding before it even began").

3.  Because we vacate the sentence and remand for a full resentencing, we do not reach whether Solis's sentence was substantively unreasonable.

**VACATED** and **REMANDED**.