**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alberto CORRAL, Defendant–
Appellant.**

No. 96–10535.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 18, 1998.

Decided April 8, 1999.

Sally Ann Perring, San Joaquin College of Law, Clovis, California, for the defendant-appellant.

William L. Shipley (argued), Kathleen A. Servatius (briefed), United States Attorney, Fresno, California, for the plaintiff-appellee.

Before: CANBY and KLEINFELD, Circuit Judges, and KEEP,[1] District Judge.

KLEINFELD, Circuit Judge:

Corral pleaded guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He appeals, arguing that the district court violated his due process rights by considering unreliable double hearsay in calculating his sentence under the Sentencing Guidelines. Application of the Sentencing Guidelines to the facts of a case is reviewed for abuse of discretion. *United States v. Aguilar–Ayala*, 120 F.3d 176, 177–78 (9th Cir.1997). For the reasons stated below, we reverse Corral's sentence and remand to the district court for recomputation.

The hearsay statement, as quoted in the presentence report, is that another defendant, Aguilar, said that Corral was Chavira's right hand man and that Chavira told her (Aguilar) that she was to follow all of Corral's instructions, and if she crossed Corral, it would be the same as if she crossed Chavira. Chavira was said to be the head of the conspiracy, and was a fugitive. Corral argues that this was unreliable, because Aguilar might have spoken falsely to curry favor, and Chavira may have spoken falsely to Aguilar to maintain control over Aguilar when she was with Corral.

The government agrees that, while hearsay is admissible in sentencing proceedings, it requires adequate indicia of reliability, and this hearsay was not reliable enough to be used. The government states in its brief to us that "[t]he defendant correctly recognizes that there were no such 'indicia of reliability' accompanying the hearsay statements of his codefendant." Appellee's brief at page 7.

The dispute between the parties goes solely to whether the sentencing judge relied on the hearsay. He never said in so many words that he did, or that he did not. The probation officer had relied on the hearsay in significant part for his recommendation. The "right hand man" statement was the basis for the probation officer's recommendations that an aggravating role in the offense adjustment be considered and a mitigating role in the offense adjustment be denied. The judge followed those recommendations.

The defense objected to the use of the unreliable hearsay. Defense counsel argued in his presentence memorandum for a two level downward adjustment for minor role in the offense, under U.S.S.G. § 3B1.2(b). The defense also argued for a downward departure based on aberrant behavior.

At the sentencing hearing, the government did not make the concession it now has, that the hearsay was not sufficiently reliable for the court to rely on it in sentencing. When defense counsel reminded the court that a hearsay objection was pending, the judge said "the court is satisfied that hearsay is available pursuant to sentencing matters, and, therefore, the objection is rejected." The judge denied a minor role adjustment, as the probation officer had recommended, but the judge did not say whether his denial was affected by the hearsay, though the probation officer's recommendation expressly was based partly on it. In denying the departure for aberrant behavior, the judge mentioned that Corral was "quite active" in the conspiracy, and his involvement was "too organized," which may have been references to his supposed "right hand man" status.

---

1. The Honorable Judith N. Keep, United States District Judge for the Southern District of California, sitting by designation.

■ We vacated a sentence and remanded for resentencing in *United States v. Huckins*, 53 F.3d 276 (9th Cir.1995). We held that relying on accomplice hearsay without adequate indicia of reliability violated the defendant's constitutional right to due process. *Huckins*, 53 F.3d at 280. Following *Huckins*, we must likewise vacate the sentence in the case at bar. If a sentencing court violates a defendant's constitutional right to due process, a fortiori it has abused its discretion.

■ *Huckins* quoted the phrase, from *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir.1978), that reversal is required when a sentencing considers unreliable information "only if the challenged information is 'demonstrably made the basis for the sentence.'" The government argues that although the judge did not expressly state that he was not relying on the hearsay in the case at bar, he also did not expressly state that he was, so he did not "demonstrably" rely on it. This argument pushes the quoted language from *Huckins* too far. A decision cannot be read like a statute. *Huckins* also refers to cases quoting the Supreme Court's formulation in *Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), that "a remand is appropriate unless the reviewing court concludes, on the record as a whole ... that the error did not affect the district court's selection of the sentence imposed." *Huckins*, 53 F.3d at 280. This language suggests review based on a fair evaluation of the record as a whole rather than mechanical determination of whether the district judge expressly relied on the unreliable hearsay. In *Huckins*, the district judge did expressly rely on the unreliable hearsay, so the question of whether express reliance was necessary for reversal did not come up and therefore was not decided. In *United States v. McKittrick*, 142 F.3d 1170 (9th Cir.1998), we remanded because it is unclear whether the sentencing magistrate judge had based denial of an adjustment on an incorrect ground.

This gives us three verbal formulas: "demonstrably made the basis," "record as a whole," and whether "it is unclear." There is nothing wrong with this, and it is not an intracircuit conflict. They are all different ways of saying the same thing, that we should read the record and decide whether reliance on impermissible information, which would be a due process violation if it occurred, probably did occur. If it did not, then there would be no due process violation. That requires an exercise of judgment rather than a mechanical word search.

It is our judgment that the sentencing judge probably did rely on the unreliable hearsay. The government did not concede in the district court that the hearsay was unreliable, so the judge had nothing but defense counsel's argument, which he rejected, for not relying on it. The probation officer relied on it. The judge accepted the probation officer's recommendation made in reliance on it, that no downward adjustment for minor role be made. The judge denied the defense objection to the hearsay on the ground that hearsay is admissible in sentencing. The judge was correct that hearsay is admissible in sentencing, but denial of the objection without more suggests that he used it, not that he disregarded it.

Also, the circumstances of the sentencing and the judge's language suggest that the unreliable hearsay may have mattered, possibly to the minor role adjustment, possibly to a downward departure request. Corral was a 26–year–old with no substantial criminal record. The major methamphetamine conspiracy started long before Corral became involved, and continued for a substantial period after he left. The conspiracy lasted more than two years and seven months, but Corral drove truck and bought chemicals for it for less than a month. Now that the government has conceded the unreliability of the hearsay, the sentencing judge might want a chance to take another look, if he did rely on it.

Corral's sentence is hereby VACATED and the case is REMANDED for resentencing.