**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose De Los SANTOS–SERNA,**
**Defendant–Appellant.**

No. 03–30239.
D.C. No. CR–02–60024–ALA.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

William Fitzgerald, Eugene, OR, for Plaintiff–Appellee.

Mark Bennett Weintraub, Federal Defender's Office, Eugene, OR, for Defendant–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM**

Jose De Los Santos–Serna appeals his 121–month sentence imposed following a guilty plea conviction for illegal reentry into the United States, in violation of 8 U.S.C. § 1326, and conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 846. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Santos–Serna contends that the district court erred by denying his request for a mitigating role reduction pursuant to U.S.S.G. § 3B1.2 by relying on an uncorroborated hearsay statement from an accomplice. Because the district court specifically stated it relied on evidence other

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

than the hearsay statement, it did not abuse its discretion. *Cf. United States v. Corral,* 172 F.3d 714, 716–17 (9th Cir.1999) (vacating and remanding where district court did not state whether it was relying on an uncorroborated hearsay statement contained in a presentence report).

 Santos–Serna next contends that the district court erred by failing to find that he played a mitigating role in the offense. Because the only evidence introduced by Santos–Serna in support of the reduction was his own self-serving statement, the district court did not clearly err. *See United States v. Ladum,* 141 F.3d 1328, 1348 (9th Cir.1998); U.S.S.G. § 3B1.2, cmt. n. 3(C) ("As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted.")

Santos–Serna also contends that the Ninth Circuit's statement in many cases that all U.S.S.G. § 3B1.2 mitigating role adjustments are to be used "infrequently" tainted the district court's sentencing decision and requires remand. Because there is no evidence that the district court based its denial of the intermediate and minor role adjustments on the allegedly erroneous basis that they are to be used "infrequently," we cannot reconsider overruling on this ground. Moreover, we cannot reconsider or overrule the decision of a prior panel absent intervening Supreme Court authority. *See United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992).

**AFFIRMED.**