**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JUAN ANTONIO FUENTES-GALVEZ,
*Defendant-Appellant.*

No. 18-10150

D.C. No.
4:17-cr-01646-
DCB-BPV-1

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted January 24, 2020
San Francisco, California

Filed August 10, 2020

Before: William A. Fletcher and Ryan D. Nelson, Circuit
Judges, and William K. Sessions III,* District Judge.

Opinion by Judge Sessions

---

*The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel reversed a conviction for illegal reentry into the United States, and remanded, in light of the magistrate judge's egregious failure to comply with Fed. R. Crim. P. 11(b)(2)'s requirements of establishing that the defendant's plea was voluntary.

Reviewing for plain error, the panel noted that at a highly abbreviated change of plea hearing, the magistrate judge did not engage in direct inquiries regarding force, threats, or promises, and did not address competence to enter the plea. The panel wrote that the government's bare bones justifications are not enough to establish voluntariness in light of the defendant's significant mental challenges and the magistrate judge's complete lack of inquiry into whether the plea was coerced by any threats or promises.

The panel held that there was a reasonable probability that the error may have affected the defendant's decision to plead; and that the plain error was sufficiently serious to impinge on the fairness, integrity or public reputation of judicial proceedings.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Lee Tucker (argued), Assistant Federal Defender; Jon M. Sands, Federal Defender; Office of the Federal Public Defender, Tucson, Arizona; for Defendant-Appellant.

Tanya N. Miller (argued), Assistant United States Attorney; Robert L. Miskell, Appellate Chief; Michael Bailey, United States Attorney; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.

---

**OPINION**

SESSIONS, District Judge:

Juan Antonio Fuentes-Galvez appeals the conviction and sentence imposed following his guilty plea to a charge of illegal reentry into the United States in violation of 8 U.S.C. § 1326(a). Fuentes-Galvez challenges the validity of his guilty plea, submitting that the district court failed to comply with Federal Rules of Criminal Procedure 11(b)(1) and (2) in plain error. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

I.

On September 27, 2017, Fuentes-Galvez was arrested near the Arizona-Mexico border and charged with attempted reentry into the United States. He accepted a standard "all-in-one" plea agreement, encompassing both the reentry charge and the supervised release violation. According to this agreement, Fuentes-Galvez was to receive a sentence ranging from 18 to 24 months based on his Category VI criminal history. The agreement also provided for the unsuccessful termination of Fuentes-Galvez's term of

supervised release, which was ongoing at the time of the offense.

On November 30, 2017, Fuentes-Galvez pleaded guilty pursuant to this agreement at a change of plea hearing held by Magistrate Judge Bernardo Velasco. The court conducted a highly abbreviated plea colloquy at the same time as that of another unrelated defendant, the contents of which failed to adhere to the requirements of Rules 11(b)(1)(D), (E), (G), (M) and Fed. R. Cr. P. 11(b)(2). Additionally, the plea colloquy combined certain standard Rule 11 inquiries while omitting others entirely.

First, the court combined its discussion of the right to plead not guilty, the right to a jury trial, the presumption of innocence, and the government's burden of establishing guilt beyond a reasonable doubt into a single sentence: "You otherwise have a right to continue with your pleas of not guilty and have these cases decided by a jury of 12 citizens who would be instructed that you're presumed innocent and that the Government must establish your guilt beyond a reasonable doubt. Do you understand this, gentlemen?" The court did not further explain the meaning of these terms.

Second, the court mentioned Fuentes-Galvez's right to persist in a plea of not guilty only implicitly by asking: "Have you both made a decision to give up your right to a jury trial and enter pleas of guilty?" The court did not expressly articulate Fuentes-Galvez's right to continue to be represented by counsel, or to court-appointed counsel at trial, stating only that "you through your attorney could call your own witnesses . . . ."

Regarding sentencing, the magistrate judge stated the maximum possible sentences under law and the plea agreement, but did not otherwise discuss the Sentencing

Guidelines, possible departures from these Guidelines, or other sentencing factors. The magistrate judge did not note that the agreement contained a waiver of all collateral attacks, save that based on ineffective assistance of counsel.

Most importantly, the court did not make any further inquiries to confirm Fuentes-Galvez's competence and intelligence to enter a plea of guilty. The magistrate judge asked Fuentes-Galvez whether he was entering a plea of guilty voluntarily, to which he answered "yes." However, Fuentes-Galvez was not asked whether he was pleading as a result of force, threats, or promises. The magistrate judge also did not ask defense counsel whether he thought Fuentes-Galvez was pleading knowingly and voluntarily. The court did not make any inquiries as to whether Fuentes-Galvez was capable of knowingly and voluntarily entering a plea at that time (e.g., whether he was under the care of a physician, whether he was taking any medication, how far he had gone through school, or other questions that might bear on whether Fuentes-Galvez understood the nature of his plea). Finally, the magistrate judge did not ask Fuentes-Galvez whether he understood his attorney or felt fully satisfied with the counsel, representation, and advice given to him by his attorney.

The magistrate judge accepted the guilty plea and recommended its acceptance by the district court. The district court initially accepted the plea and scheduled sentencing, but the case was reassigned to another district court judge, who rejected the plea agreement on grounds that the included sentencing range was incorrectly calculated and inadequate. On April 9, 2018, the parties submitted a revised plea agreement calling for a sentencing range of 21 to 27 months. The district court rejected this agreement as well. Fuentes-Galvez was given the opportunity at this time to

withdraw his guilty plea, but he opted to continue in his plea of guilty without a plea agreement. The district court did not engage Fuentes-Galvez in any plea colloquy meeting the requirements of Rule 11 during any of these hearings.

The final sentencing hearing occurred on April 16, 2018. The court established that the Sentencing Guidelines recommended that the defendant be given a level 10, Criminal History VI sentence in a range of 24 to 30 months. At the sentencing hearing, the Government asked for a sentence of 30 months. Defense counsel told the court that a sentencing range of "30 to 36 months" would be appropriate. The district court imposed a sentence of 42 months of imprisonment, one year longer than the top of the Guideline range. Fuentes-Galvez filed a timely notice of appeal.

II.

Because Fuentes-Galvez did not raise an objection to the plea colloquy below, this Court may only review the plea hearing for plain error. *United States v. Carter*, 795 F.3d 947, 950 (9th Cir. 2015) (citation omitted).

Plain error is "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) (quoting *United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir. 2002)). "In order for an error to affect a substantial right, it must be prejudicial, i.e., the error 'must have affected the outcome of the district court proceedings.'" *United States v. Jimenez-Dominguez*, 296 F.3d 867, 866 (9th Cir. 2002) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). The defendant, who has the burden of establishing plain error, "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). "A defendant must thus satisfy the

judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). If there was plain error, the Court may reverse "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Pena*, 314 F.3d at 1115 (citations and internal quotation marks omitted).

Under Rule 11(b)(2), "before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." In making a determination of voluntariness, the district court must weigh the defendant's competence and intelligence. Rule 11 requirements were specifically adopted "[t]o avoid having to speculate and engage in retrograde mind reading" with regard to an individual defendant's state of mind and circumstances at the time of the plea. *United States v. Kennell*, 15 F.3d 134, 137 (9th Cir. 1994). "[F]ailure to satisfy a core concern of Rule 11" affects substantial rights. *See Pena*, 314 F.3d at 1156–57.

### III.

Fuentes-Galvez contends that the district court committed plain error by failing to comply with Rule 11(b)(2)'s requirements of establishing that the plea was voluntary. In light of the magistrate judge's egregious failure to comply with Rule 11(b)(2), which we have previously noted is part of a disturbing "pattern," *see United States v. Fuentes-Galvez*, No. 18-10150, dkt. 24 at 2 (9th Cir. Feb. 20, 2019) (order for further briefing), we agree. We therefore reverse and remand on these grounds. We decline to address Fuentes-Galvez's remaining arguments that the

change of plea hearing violated Rule 11(b)(1), that the district court abused its discretion by imposing an above-guidelines sentence, and that his trial counsel was ineffective.

The magistrate judge did not engage in direct inquiries regarding force, threats, or promises, nor did he address competence to enter the plea. The Government argues that the court had enough information to make a voluntariness determination for three reasons: (1) the magistrate judge asked whether the defendant was pleading voluntarily and because he was guilty; (2) the magistrate judge was able to observe Fuentes-Galvez's overall demeanor; and (3) Fuentes-Galvez had the ability to consult with counsel during the colloquy. These bare bones justifications are not enough to establish voluntariness in light of Fuentes-Galvez's significant mental challenges and the magistrate judge's complete lack of inquiry into whether the plea was coerced by any threats or promises.

Fuentes-Galvez showed a reasonable probability that the district court's omissions could have affected his decision to continue in his guilty plea. He had little schooling and a history of mental health disorders, including post-traumatic stress disorder, depression, and anxiety. At the time of the hearing, he was taking Metformin for his diabetes, as well as unknown medications for his cholesterol and lung fluid retention issues. Fuentes-Galvez also had a long history of substance abuse, and he was exclusively a Spanish speaker. In light of these facts, of which the district court was aware, Fuentes-Galvez was especially vulnerable to entering an involuntary plea. By failing to confirm that he was competent and intelligent to enter the plea at the time of the hearing, the court did not ensure that his plea was knowing and voluntary. *See United States v. Kamer*, 781 F.2d 1380,

1384–85 (9th Cir. 1986) ("The requirement that the trial judge adequately inquire of the defendant, at the plea proceeding, as to the nature of the charge effectuates the purposes of Rule 11 and the policy of efficient judicial administration").

Fuentes-Galvez showed that there was a reasonable probability that the error may have affected his decision to plead. *See United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005). Under the totality of the circumstances, the lower court's failure to make further inquiries created a significant enough risk of overlooking potential involuntariness to meet this burden.

Finally, the district court's plain error was sufficiently serious to impinge on "the fairness, integrity or public reputation of judicial proceedings." *Pena*, 314 F.3d at 1155 (citation omitted). The voluntariness of a guilty plea is a constitutional requirement under the Due Process Clause of the 5th Amendment. *See McCarthy*, 394 U.S. at 466. Indeed, "[d]ue process requires a defendant's guilty plea to be 'equally voluntary and knowing,' and such [a] plea must reflect 'an intentional relinquishment or abandonment' of his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers." *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1062 (9th Cir. 2011) (quoting *McCarthy*, 394 U.S. at 466). The right to due process requires the record to "disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Brady*, 397 U.S. at 747 n.4.

In this case, the district court's plain error prevented the court from creating a record that establishes voluntariness as required by the Due Process Clause and Rule 11. We reverse and remand the conviction.

**REVERSED and REMANDED.**