**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10256 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-01042-JAT-1 |
| v. | |
| RAFAEL BARRAZA-JIMENEZ, AKA Miguel Barrazas-Jimenez, AKA Raphiael Jiminez Carillo, AKA Jose Munoz-Hernandez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10257 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00394-JAT-1 |
| v. | |
| RAFAEL BARRAZA-JIMENEZ, AKA Arturo Baraza Jimenez, AKA Arturo Baraza Jiminez, AKA Miguel Barraza Jimenez, AKA Miguel Barraza-Jimenez, AKA Miguel Barrazas Jimenez, AKA Miguel Barrazas-Jimenez, AKA Jose Munoz-Hernandez, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
            Defendant-Appellant.
```

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted September 14, 2020[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and VANDYKE, Circuit Judges.

Rafael Barraza-Jimenez reentered the United States illegally and was apprehended by the Phoenix Police on May 22, 2018. Regarding this incident, Barraza-Jimenez pleaded guilty to Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a), (b)(1) on April 11, 2019. At the time of his May 2018 apprehension, Barraza-Jimenez was on supervised release in connection with another offense. The government successfully petitioned the court to revoke his release. He argues on appeal (a) that he was denied due process because he was not fully informed prior to entering his guilty plea; (b) that he was improperly sentenced for the conviction under § 1326; and (c) that he was improperly

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

sentenced on the revocation of supervised release. None of the arguments is persuasive.

First, Barraza-Jimenez argues that due process was violated because he was not informed prior to entering a guilty plea for the May 2018 apprehension that he would lose the good time credit he had accumulated while on supervision for the prior offense. Even though Barraza-Jimenez acknowledges that he was "not entitled to repetition of the Rule 11 advice or the protections declared in *Boykin v. Alabama*, 395 U.S. 238 (1969)," he argues nonetheless that he faced a serious deprivation of liberty (losing his good time credit) that necessitated an explanation. We hold that the court sufficiently explained his rights. The court explained, "By making this admission, let me advise you of the maximum terms of imprisonment and supervised release. The maximum term of imprisonment for supervised release in your 2015 case is up to two years of imprisonment. . . . You can also be placed on three years of supervised release *to follow*." (Emphasis added.) The court commented, "You have paid about as close attention as [ ] any person that I've ever seen to every single question that I've asked you. So it's clear that you understood them and I thank you for your paying very close attention," and Barraza-Jimenez repeatedly affirmed that he understood the colloquy.

3

Second, Barraza-Jimenez argues that the court violated due process by relying on allegedly incorrect information in determining his sentence for his § 1326 conviction. Specifically, Barraza-Jimenez challenges the assertion in a presentence report that he had been previously apprehended by immigration authorities 47 times. Barraza-Jimenez suggests that the question now before us is whether he has shown that unreliable information "demonstrably made the basis for [his] sentence." *See United States v. Corral*, 172 F.3d 714, 716 (9th Cir. 1999). He has not carried this burden of showing reliance by the district court. In fact, the sentencing court explicitly disregarded the assertion concerning prior apprehensions: "[T]he old presentence report as of that date reflected that there were 47 prior apprehensions. But *setting that aside just on what's in front of this Court*, you have established yourself as one of the most significant violators of our immigration laws in this Court's history." (Emphasis added.)

Third, Barraza-Jimenez challenges the Sentencing Guidelines calculation for his revocation sentence. During sentencing for the original offense, for which he was on supervised release, there had been an error in the Sentencing Guidelines calculation: his prior criminal history category should have been V, but it was incorrectly calculated as a VI. The court and the parties all acknowledged the error. To correct the error, the court granted a downward departure, which placed

4

Barraza-Jimenez in the correct Guidelines range. Nonetheless, Barraza-Jimenez argues that the sentence is improper.

It is true that "[i]n most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). However, an "explanation could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines." *Id.* at 1347. In that circumstance, prejudice is lacking. *Id.* at 1346–47. Here, the court indicated that Barraza-Jimenez's ultimate sentence was not based on the mistaken calculation under the Guidelines. Rather, the court explicitly sentenced Barraza-Jimenez within the appropriate range, explaining that "the Court does make a variance from a low end of 21 to a low end of 18 because of the circumstances explained on the record."

**AFFIRMED.**