**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30130 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00196-JCC-1 |
| v. | |
| LEONARD BERNARD LEWIS, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted September 4, 2020**
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and SOTO,*** District Judge.

Leonard Lewis appeals the 108-month sentence imposed on him by the

district court after he pleaded guilty to one count of transporting child pornography

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

in violation of 18 U.S.C. § 2252(a)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a district court's decision to admit information at sentencing for abuse of discretion. *See, e.g.*, *United States v. McGowan*, 668 F.3d 601, 607 (9th Cir. 2012).

The parties are aware of the facts, and we will not recite them except as necessary for this Order. On appeal, Lewis contends that his due process rights were violated when the district court permitted two witnesses to state at his sentencing hearing that he had sexually abused a teenage minor because: (1) the information was false and unreliable; and (2) the district court improperly relied on the information in imposing Lewis's sentence. "To succeed on [a] due process claim, [a defendant] must establish the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009) (internal quotations omitted).

Reliability of Information

"Challenged information is deemed false or unreliable if it lacks some minimal indicium of reliability beyond mere allegation." *McGowan*, 668 F.3d at 606–07 (internal quotations omitted). "[A] defendant bears the burden of first showing that the disputed information is false or unreliable". *United States v. Kimball*, 975 F.2d 563, 567 (9th Cir. 1992) (internal quotations omitted).

Several factors indicate that the information was, in fact, reliable. First, the

witnesses' statements were consistent with one another. Each witness stated that Lewis provided alcohol to and engaged in sexual behavior with minors. Second, neither witness had an apparent incentive to lie. And third, the proceeding featured important procedural mechanisms to ensure reliability: the district court was able to hear the testimony of both witnesses and evaluate them; Lewis had the opportunity, though he did not use it, to cross examine each witness; and Lewis had clear incentive to question the witnesses' testimony given the allegations of criminal conduct they made against him.

While Lewis offered more than bare allegations of unreliability, we cannot say that the challenged information lacked the requisite "minimal indicium of reliability." *McGowan*, 668 F.3d at 606–07. Accordingly, the district court did not abuse its discretion in permitting the witnesses to make statements at Lewis's sentencing hearing.

<u>Reliance on Information</u>

To determine whether a defendant has shown that the challenged information "demonstrably made the basis for the sentence," *Vanderwerfhorst*, 576 F.3d at 935–36, we "read the record and decide whether reliance on the . . . information . . . probably did occur." *United States v. Corral*, 172 F.3d 714, 716 (9th Cir. 1999). "[T]he court must have "made it abundantly clear that (the challenged information) was the basis for its sentence." *United States v. Hill*, 915

19-30130

F.3d 669, 674 (9th Cir.), *cert. denied,* 140 S. Ct. 578 (2019) (citing *Farrow v.*
*United States*, 580 F.2d 1339, 1359 (9th Cir. 1978)).

Lewis cannot show that the district court relied on the challenged
information in sentencing him. While Lewis is not required to point to a direct
statement indicating that the district court relied on the witness statements at
sentencing, in this case the district court did not mention the statements at all.
Instead, the district court explained that the "[s]entence [was] a product of the
guidelines, together with the factors of 18 U.S.C., Section 3553, with particular
emphasis on the fact that the defendant has a prior child pornography
conviction . . . ." Accordingly, Lewis cannot show even "a passing reference" to
the witness statements. *See Hill*, 915 F.3d at 674 (citing *Vanderwerfhorst*, 576 F.3d
at 936 (internal quotation marks omitted)).

Nor does Lewis dispute that the district court sentenced him below the
guideline range for his offense, the witness statements played no role in the
guideline calculation, and Lewis agreed that the calculation was correct. Lewis also
failed to show that the challenged information affected the district court's
consideration of the § 3553 sentencing factors.

In sum, Lewis failed to meet his burden to show that the disputed
information was false or unreliable. And, even if he had been able to do so, he
cannot demonstrate that the district court relied on it in sentencing him.

19-30130

AFFIRMED.