NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30245 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00225-RSM-1 |
| v. | |
| RANDY LEE HALL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted December 9, 2020
Seattle, Washington

Before: McKEOWN and BUMATAY, Circuit Judges, and MOSMAN,[**] District Judge.
Concurrence by Judge BUMATAY

Randy Hall appeals from his conviction by guilty plea to assault of federal

officers, assault of a person assisting federal officers, and use of a firearm during a

crime of violence. Hall argues that the district court unconstitutionally constrained

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael W. Mosman, United States District Judge for the District of Oregon, sitting by designation.

his decision-making abilities when the district court warned him that if he complained about his court-appointed counsel again, the only option would be to represent himself. The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

1.  We assume without deciding that the appellate-waiver provision in Hall's plea agreement does not bar this appeal. *See United States v. Jacobo Castillo*, 496 F.3d 947, 956–57 (9th Cir. 2007) (en banc) (appeal waiver is not a jurisdictional bar). We review de novo a finding that a guilty plea is knowing and voluntary. *United States v. Yong*, 926 F.3d 582, 589 (9th Cir. 2019). Because Hall did not object to the plea colloquy below, we review it for plain error. *United States v. Fuentes-Galvez*, 969 F.3d 912, 915 (9th Cir. 2020).

2.  "A criminal defendant may be asked to choose between waiver [of counsel] and another course of action so long as the choice presented to him is not constitutionally offensive." *United States v. Robinson*, 913 F.2d 712, 715 (9th Cir. 1990) (quoting *United States v. Moya-Gomez*, 860 F.2d 706, 739 (7th Cir. 1988)). The record is devoid of any evidence that the district court presented Hall with such a choice. Hall contends he was left with the choice "of proceeding to trial with counsel whom he mistrusted and believed to be ineffective, or representing himself without an adequate understanding of the dangers and disadvantages of this choice." Of course, the district court's warning, by itself, did not put him in

that position. The dilemma he describes only arises if the counsel Hall received subsequent to the warning was constitutionally ineffective. But the record before us contains no evidence that Hall ever believed his court-appointed counsel at the plea stage was inadequately representing him. Accordingly, Hall's guilty plea was not involuntary based on the warning given by the district court.

3. The magistrate court violated Rule 11 of the Federal Rules of Criminal Procedure. Before accepting a guilty plea, "the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2); *see also Fuentes-Galvez*, 969 F.3d at 916. The magistrate court asked Hall whether he was pleading "freely and voluntarily" but did not question him about the influence of force, threats, or promises.

4. Hall fails to show that the Rule 11 violation constitutes plain error. "The defendant, who has the burden of establishing plain error, 'must show a reasonable probability that, but for the error, he would not have entered the plea.'" *Fuentes-Galvez*, 969 F.3d at 916 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). The record before us contains ample evidence that Hall likely would have entered into the plea agreement even if the magistrate court had questioned him about the influence of force, threats, or promises.

**AFFIRMED.**

3

*United States v. Randy Hall*, 19-30245
BUMATAY, Circuit Judge, concurring in the judgment:

A plea agreement is a solemn agreement between the government and a defendant to keep their promises to each other. We give force to that agreement except in limited circumstances not present here. Because Randy Hall waived the right to appeal his conviction in his plea agreement, I respectfully concur in the judgment only.

A defendant waives his appellate rights when (1) the language of the waiver in the plea agreement encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made. *United States v. Spear*, 753 F.3d 964, 967 (9th Cir. 2014).

The first requirement is satisfied here. Hall acknowledged in his plea agreement that it would be a "breach[]" of the agreement to "at any time . . . appeal[] or collaterally attack[] (except as to effectiveness of legal representation) [his] conviction or sentence in any way." He has not argued ineffective assistance of counsel and, thus, his arguments on appeal are within the scope of the appellate waiver.

The second requirement is also met. A defendant bears the burden of showing that a plea agreement is not knowing and voluntary. *See United States v. Michlin*, 34 F.3d 896, 900 (9th Cir. 1994) (holding that the defendant's appellate waiver was

1

effective because he "failed to show that his plea was not knowing and voluntary"). Hall has not done so here.

At his change-of-plea hearing, Hall affirmed that he understood and voluntarily entered into the plea agreement. Hall's central argument to the contrary is that the district court inappropriately warned him that he would have to represent himself if he did not get along with his *fourth* appointed counsel. Such a statement by the district court was not "constitutionally offensive," *United States v. Robinson*, 913 F.2d 712, 715 (9th Cir. 1990), as Hall was not entitled to new counsel without "legitimate reason." *See United States v. Velazquez,* 855 F.3d 1021, 1033–34 (9th Cir. 2017).

More significantly, Hall has not shown that he pleaded guilty as a result of the district court's statement. At no point does he contend that his fourth counsel was ineffective, coerced him to plead, made any threats, or made any promises other than those in the plea agreement. Instead, his plea came months after the district court's statement, by which time favorable discovery rulings had been made for the government. Moreover, as Hall said when he pleaded guilty, he didn't "want to prolong" the prosecution, and he was "tired of bringing [his] family" to the courthouse.

Given the above, the district court's warning is simply too attenuated from Hall's plea to support his assertion of involuntariness. Accordingly, I would find

2

Hall's waiver of his appellate rights effective and would not reach his other claims.[1]

I, thus, concur in the judgment of the court affirming Hall's conviction.

---

[1] Moreover, Hall does not show that any error in the Rule 11 colloquy caused his plea to be involuntary or otherwise unenforceable. *See United States v. Lo,* 839 F.3d 777, 784 (9th Cir. 2016) (holding that failure of a court to comply with Rule 11(b) is not plain error "where evidence in the record shows that the defendant waived appellate rights knowingly and voluntarily"). Hall confirmed that he was entering the plea "freely and voluntarily" during his plea colloquy and nothing suggests otherwise.