**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30159 |
| Plaintiff-Appellee, | D.C. Nos. 3:19-cr-00092-RRB-DMS-1 3:19-cr-00092-RRB-DMS |
| v. | |
| WARREN BROOKS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted August 9, 2022
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Warren Brooks appeals his conviction and sentence following his entry of a

guilty plea for distribution of heroin. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(C). The

parties are familiar with the facts and arguments, so we do not recount them here.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18

U.S.C. § 3742. Generally, we "'retain[] subject matter jurisdiction over [an] appeal

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

by a defendant who has signed an appellate waiver.'" *United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) (quoting *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007)). Absent some miscarriage of justice, however, we "'will not exercise that jurisdiction to review the merits of [an] appeal if we conclude that [the defendant] knowingly and voluntarily waived'" the right to appeal. *Id.* (quoting *Gwinnett*, 483 F.3d at 203). We decline to exercise jurisdiction to consider Brooks's claims because, first, his claims are barred by his knowing and voluntary appellate waiver and, second, his claims are not subject to any exceptions to an appellate waiver. *See United States v. Wells*, 29 F.4th 580, 584 (9th Cir. 2022) ("Because the language of the waiver is unambiguous and [the defendant] knowingly and voluntarily waived the right to bring the appeal, we are obligated to enforce the waiver and will not exercise the jurisdiction to review the merits of the appeal unless any exceptions apply." (citation omitted)). We affirm.

We review de novo whether a defendant knowingly and voluntarily entered a guilty plea and waived the right to appeal. *See United States v. Yong*, 926 F.3d 582, 589 (9th Cir. 2019); *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016). However, we review a plea hearing, including a district court's "determination of voluntariness," for plain error where, as here, the defendant did not object to the Rule 11 colloquy. *United States v. Fuentes-Galvez*, 969 F.3d 912, 915–16 (9th Cir. 2020).

21-30159

1. Pursuant to the plea agreement, Brooks agreed to "waive all rights to appeal the conviction(s) and sentence imposed under [the] agreement," and the district court properly conducted a Rule 11 colloquy, to which Brooks did not object. We conclude that the district court did not commit *error*, much less error that was *plain*, by determining that Brooks knowingly and voluntarily entered his guilty plea. The government breached no disclosure obligations and made no representations about the scope of information on which it intended to rely at sentencing. In fact, the plea agreement explained that although the government "agree[d] to recommend a sentence within the calculated guideline range," the government would be "free to recommend to the Court [its] position[] on the appropriate sentence to be imposed in this case based on . . . any additional facts established at the imposition of sentence hearing [and] the advisory U.S.S.G." The government did not argue for a sentence outside of the statutory maximum of 20 years.

2. Because Brooks knowingly and voluntarily waived the right to bring this appeal, our inquiry turns to "whether any exceptions to the waiver of the right to appeal apply." *Wells*, 29 F.4th at 584. The "illegal sentence" exception to a valid appellate waiver applies to claims challenging a sentence that either "exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* (quotation marks omitted) (citing *United States v. Bibler*, 495 F.3d 621, 624

(9th Cir. 2007)). The district court imposed a sentence of 72 months, far below the 20-year statutory maximum. Although the "illegal sentence" exception applies to *meritorious* constitutional claims, including due-process claims, Brooks's due-process rights were not violated. *See id.* at 591–92.[1]

The district court did not violate Brooks's due-process rights because "clear and convincing" evidence supported both of its challenged sentencing decisions under U.S.S.G. §§ 1B1.3(a)(2) and 3B1.1. *See Treadwell*, 593 F.3d at 1000 ("Our requirement that certain sentencing facts be found by clear and convincing evidence is to ensure that criminal defendants receive adequate due process." (citation omitted)), *overruled on other grounds by Miller*, 953 F.3d at 1103 n.10. We have established that a district court may consider uncharged and even *acquitted* conduct when making sentencing decisions with a "severe" or "extremely disproportionate" impact without violating due process, as long as the court applies the "clear and convincing" standard of proof. *Id.*[2]

---

[1] We reject Brooks's Sixth Amendment claim as foreclosed by our precedent. *See United States v. Treadwell*, 593 F.3d 990, 1017–18 (9th Cir. 2010) ("Standing alone, judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment [because] the judge could disregard the Guidelines and apply the same sentence . . . in the absence of [those] facts." (quotation marks and citations omitted)), *overruled on other grounds by United States v. Miller*, 953 F.3d 1095, 1103 n.10 (9th Cir. 2020).

[2] We reject Brooks's baseless argument that the government could not have met the "clear and convincing" standard of proof related to the November 2018 parcel simply because it did not secure an indictment for that parcel. We reject Brooks's due-process arguments based on Brooks's allegation that the government

Because no exception to a valid appellate waiver applies, "we are obligated to enforce the waiver and will not exercise the jurisdiction to review the merits of the appeal." *Wells*, 29 F.4th at 583–84 (quoting *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011)).

**AFFIRMED.**

---

"withheld evidence . . . it intended to and did rely on" at sentencing for the same reasons that the government's alleged withholding of evidence did not render Brooks's guilty plea unknowing or involuntarily. We conclude that the district court's reliance on Frye's testimony at sentencing did not violate Brooks's due-process rights because Frye's testimony had "sufficient indicia of reliability to support its probable accuracy" as required under U.S.S.G. § 6A1.3(a). *See United States v. Corral*, 172 F.3d 714, 715–16 (9th Cir. 1999).

21-30159