NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50304 |
| Plaintiff-Appellee, | D.C. No. 2:20-cr-00332-DSF-1 |
| v. | |
| SAMUEL TRELAWNEY HUGHES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 20, 2023**
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and MCMAHON,*** District Judge.

Samuel Trelawney Hughes appeals his convictions for stalking, witness tampering, and making interstate threats. Hughes contends that the district court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

failed to ensure the voluntariness of his guilty pleas as required by Federal Rule of Criminal Procedure 11(b)(2) and the Due Process Clause of the Fifth Amendment. As the parties are familiar with the facts of this case, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because Hughes failed to object below, we review for plain error. *See United States v. Ferguson*, 8 F.4th 1143, 1145 (9th Cir. 2021). "In conducting the plain-error analysis, we are 'not restricted to the record of the plea colloquy.'" *Id.* at 1146 (quoting *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008)).

1. The district court did not plainly err under Rule 11(b)(2). Before accepting a guilty plea, Rule 11(b)(2) requires the district court to "determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Relying on *United States v. Fuentes-Galvez*, 969 F.3d 912 (9th Cir. 2020), Hughes argues that the district court did not adequately ensure his guilty plea was voluntary.

However, unlike in *Fuentes-Galvez*, the district court addressed Hughes's "competence to enter the plea," *id.* at 916, by making sufficient "inquiries as to whether [Hughes] was capable of knowingly and voluntarily entering a plea" at the plea hearing, *id.* at 915. In response to the district court's inquiries, Hughes stated that he took medication for depression, to which the district court followed up by asking for the name of the medication, how long he had been taking it, and the last

2

time he had taken it. Hughes denied that his medication affected his ability to understand what others say to him, noting that the medication in fact helped him understand his feelings and make better decisions. After Hughes indicated having a condition that affects his communications and interactions, without explicit mention of his autism spectrum disorder, and being drowsy, the district court asked if Hughes wanted to proceed with his pleas. Hughes answered affirmatively. Then, the district court reiterated that Hughes could stop the hearing at any time if he did not understand something, needed to consult with his counsel, or no longer wished to plead guilty. Underscoring that the district court wanted to ensure that Hughes understood the hearing and that Hughes understood he was not required to proceed with the hearing, the district court again asked Hughes if there was any reason why the hearing should not go forward. Hughes confirmed there was no such reason.

In addition, the district court told Hughes numerous times that Hughes need not plead guilty if he did not want to do so. Moreover, throughout the hearing, the district court repeatedly asked Hughes if he understood the hearing and his pleas. Hughes confirmed that he discussed the plea agreement with his counsel, did not need any additional time to discuss the agreement, and understood its terms. Hughes also confirmed that he understood both the proceedings and the consequences of pleading guilty, and denied there being any reason why the

3

district court should not accept his pleas. When the district court asked if Hughes was pleading guilty voluntarily and was competent to plead guilty, Hughes answered affirmatively each time.

"To reverse the judgment of conviction on this record, we would have to presume that [Hughes] did not understand the court's questions when he testified under oath that he did." *United States v. Timbana*, 222 F.3d 688, 704 (9th Cir. 2000) (rejecting Rule 11 claim by defendant with mental and physical impairments). In concluding that Hughes was competent to plead guilty, the district court properly "rel[ied] on [Hughes's] answers to [its] inquiries as well as [its] observations of [Hughes] during the hearing." *United States v. Carter*, 795 F.3d 947, 954–55 (9th Cir. 2015); *see also United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001) (explaining that substantial weight is given to defendant's in-court statements in assessing voluntariness).

The record also reflects that Hughes asked questions when he did not understand something or needed clarification, and the district court properly responded by offering an explanation, allowing his counsel to explain, or providing time for him to consult his counsel. *See Timbana*, 222 F.3d at 702 ("The record shows that, whenever [defendant] raised a question concerning the effect of a guilty plea . . ., the district court explained the concept, or what was happening in terms [defendant] could understand.").

4

Further unlike *Fuentes-Galvez*, the district court repeatedly confirmed with Hughes's counsel that Hughes was competent and was pleading guilty voluntarily. *See* 969 F.3d at 915 (observing that the magistrate judge "did not ask defense counsel whether he thought [defendant] was pleading knowingly and voluntarily"). Having recently discussed the plea hearing with Hughes, Hughes's counsel denied there being any reason Hughes should not proceed with his pleas, representing that Hughes wanted to plead guilty and was competent to do so. While recognizing that Hughes's autism spectrum disorder contributed to his conduct, Hughes's counsel explained that "[t]here are no competency issues and he was not legally insane or incompetent or anything like that." Additionally, Hughes's counsel affirmed her belief that Hughes was entering his pleas voluntarily and intelligently, and agreed that the district court complied with Rule 11.

"The fact that [Hughes's] attorney apparently considered him competent is significant evidence that he was competent." *United States v. Clark*, 617 F.2d 180, 186 n.11 (9th Cir. 1980); *see also Stanley v. Cullen*, 633 F.3d 852, 861 (9th Cir. 2011) ("Trial counsel's assurances to the court are relevant because 'a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings.'" (quoting *Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1991))).

In response to the district court's questions, Hughes also confirmed that he was satisfied with his counsel's representation, had sufficient time to discuss the

5

case with her, and believed that his counsel had fully advised him. *See Fuentes-Galvez*, 969 F.3d at 915 (noting that "the magistrate judge did not ask [defendant] whether he understood his attorney or felt fully satisfied with the counsel, representation, and advice given to him by his attorney").

Finally, the record further shows that Hughes "admitted guilt and expressed remorse" at sentencing, and "[a]t no point did he say he wanted to change his plea or suggest his plea was involuntary." *Ferguson*, 8 F.4th at 1147. Rather, Hughes "affirmed that he was pleading guilty because he committed the charged crimes." *Id.*

Even assuming Hughes showed a Rule 11(b)(2) error, it was not plain. On this record, we cannot say that such an error would be "'so clear-cut'" and "'so obvious'" under our case law that "'a competent district judge should [have] be[en] able to avoid it without benefit of objection.'" *United States v. Zalapa*, 509 F.3d 1060, 1064 (9th Cir. 2007) (quoting *United States v. Smith*, 424 F.3d 992, 1002 (9th Cir. 2005)); *see also United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015) ("An error is plain if it is clear or obvious under current law." (citation omitted)).[1]

---

[1] In light of our conclusion, "it is unnecessary to consider" the remaining prongs of plain error review. *Gonzalez Becerra*, 784 F.3d at 518.

2.  Nor did the district court plainly err under the Due Process Clause of the Fifth Amendment.  "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969).  Hughes relies on the same grounds underlying his Rule 11 claim.  For the reasons discussed above, the record contains "*some* affirmative evidence that [Hughes] entered his plea knowingly and willfully." *United States v. Diaz-Ramirez*, 646 F.3d 653, 658 (9th Cir. 2011). Indeed, the plea hearing transcript "contains several indicators that [Hughes] indeed entered his plea knowingly and voluntarily," *id.* at 657–58, as he was "represented by, and able to consult with, experienced defense counsel," *id.* at 658, was "expressly advised of all relevant rights and consequences of [his] guilty pleas," *id.*, and "had the opportunity to voice any confusion audibly during the many times that [the district court] asked [him] whether [he] understood what [the district court] had described," *id.* at 658 n.5.

**AFFIRMED.**