**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10232 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-00062-RCJ-CLB-1 |
| v. | |
| ALLAN FABRICIO SOTO TOME, AKA Christian Alberto, AKA Carlos Alejandro-Garcia, AKA Joel Cano, AKA Luis Armando Gonzalez-Cano, AKA Christian Nunez-Flores, AKA Christian Alberto Nunez-Flores, AKA Juan Diego Santos-Carvajal, AKA Allan Fabricio Soto, AKA Carlos Alejandro Soto, AKA Allan Fabricio Soto-Tome, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 4, 2023**
University of Nevada Las Vegas

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,*** District Judge.

Defendant Allan Soto Tome challenges the district court's acceptance of his guilty plea, his sentence, and a suspicionless search condition of his supervised release. Because Soto Tome did not make any of these objections contemporaneously, we review for plain error, *see United States v. Ferguson*, 8 F.4th 1143, 1145 (9th Cir. 2021), except his challenge to the substantive reasonableness of his sentence, which we review for an abuse of discretion, *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). We affirm.

1.       The district court did not plainly err in accepting Soto Tome's plea under Fed. R. Crim. P. 11 ("Rule 11") because the alleged errors did not affect Soto Tome's substantial rights, as is required to show plain error. *See Ferguson*, 8 F.4th at 1145. Errors affect substantial rights when there is a reasonable probability that they prejudiced the outcome of the proceedings, meaning that they affected Soto Tome's decision to plead guilty without a plea agreement. *United States v. Fuentes-Galvez*, 969 F.3d 912, 915-16 (9th Cir. 2020).

"[T]he record [does not] reflect any confusion or uncertainty on [Soto Tome's] part during the hearing," and he does not argue that he was unaware of his rights. *United States v. Covian-Sandoval*, 462 F.3d 1090, 1096 (9th Cir. 2006).

---

*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

2

He had read or heard the "No Plea Memorandum," which discussed the charges and penalties. And the district court reviewed most of his trial rights with him, even though it did not ask if he waived them. Further, Soto Tome admitted to the offense multiple times and does not "assert he would have declined to plead guilty if the . . . judge had [properly advised him]." *Ferguson*, 8 F.4th at 1146. Thus, these alleged errors did not create a reasonable probability that Soto Tome would not have entered his guilty plea.

Soto Tome's argument that he need not show prejudice because the district court failed to satisfy a core concern of Rule 11 is precluded. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). We therefore hold that the district court did not plainly err in accepting the guilty plea.

2. The district court also did not commit plain procedural error by relying on clearly erroneous facts. Facts are clearly erroneous when they are "illogical, implausible, or without support in the record." *United States v. Bontemps*, 977 F.3d 909, 917 (9th Cir. 2020) (citation omitted).

It is plausible to conclude that Soto Tome has a "propensity to re-enter [the United States] illegally," because he undisputedly entered the country twice without documentation, and there is record support that he did so a third time after possibly being deported following an illegal entry conviction. And even if we disagree with the conclusion that Soto Tome has a "propensity . . . to distribute

3

drugs," it is plausible. Soto Tome pled guilty to possession with intent to distribute over eleven pounds of heroin, had separately been arrested on similar charges, and has struggled with addiction. Thus, these findings are not clearly erroneous.

The district court also did not plainly err by stating, while deciding to vary below the mandatory minimum, that "there is a risk . . . of not deporting folks." *See United States v. Christensen*, 732 F.3d 1094, 1102-03 (9th Cir. 2013) (holding that the district court did not err by referring to incorrect facts because the district court's other statements made apparent that it based its sentence on the correct facts). In imposing the sentence, the district court did not rely on this comment. On the contrary, it extensively discussed its concerns about Soto Tome re-entering the country, presuming that he would be deported. That the district judge has made similar erroneous statements in other cases does not change our analysis.[1]

3.  The 84-month sentence is substantively reasonable and not an abuse of discretion. The district court applied the 18 U.S.C. § 3553(a) factors, *see United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc), and varied below the statutory minimum to impose a lower mid-range guidelines sentence.

4.  The district court did not plainly err in imposing a suspicionless search condition without explanation. A district court can order a special condition

---

[1] Because the district court did not commit plain procedural error, we do not address Soto Tome's argument that the case should be reassigned on remand.

4

of supervised release if it is reasonably related to the 18 U.S.C. § 3583(d)(1) factors, including the nature of the offense, the history of the defendant, and the need for deterrence and rehabilitation. Unless a special condition implicates a "particularly significant liberty interest," the district court need not justify it as long as the reasoning is apparent. *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (citation omitted).

Here, the district court did not need to explain the suspicionless search condition because such conditions do not implicate the Fourth Amendment, *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007), and the condition's nexus to the 18 U.S.C. § 3583(d)(1) factors is clear from the record. *See United States v. Bare*, 806 F.3d 1011, 1018 (9th Cir. 2015). In addition to the underlying possession with intent to distribute offense, Soto Tome has a DUI and a juvenile conviction for drug possession and has struggled with addiction. Suspicionless searches would help ensure that he does not possess a controlled substance, so the condition is related to the nature of the offense, the history of the defendant, and the need for deterrence and rehabilitation. *See* 18 U.S.C. § 3583(d)(1).

**AFFIRMED.**[2]

---

[2] The government concedes that the conditions of supervised release do not apply outside the United States. As a result, we do not address Soto Tome's request for further clarification on this matter.